[Civ. No. 7610.   Second Appellate District, Division Two.—October 17, 1930.]

BEN A. HILL, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Fall & Fall for Petitioner.

Henry E. Carter, and Wheeler & Wackerbarth for Respondent.

CRAIG, J.—The petitioner Ben A. Hill and Frank McGinley were opposing candidates for the state assembly at the primary election of August 7, 1930, the canvass of which resulted in favor of the former. McGinley instituted a contest of certain precincts, which was set by the Superior Court of Los Angeles County for September 22, 1930. The parties then failing to appear, the matter was ordered off the calendar, and on the following day was reset for September 29, 1930. A petition for a writ of prohibition was filed in this court to restrain further proceedings, upon the ground that the date last mentioned would not be within the statutory period specified for such recount.

The pertinent provisions of section 28 of the act to provide for and regulate primary elections (Stats. 1913, chap. 690, p. 1379; Stats. 1917, chap. 711, p. 1363) are as follows:

"Any candidate at a primary election, desiring to contest a nomination of another candidate for the same office, may, within five days after the completion of the official canvass, file an affidavit in the office of the clerk of the superior court of the county in which he desires to contest the vote returned

from any precinct or precincts in such county, and thereupon have a recount of the ballots cast in any such precinct or precincts, in accordance with the provisions of this section. . . . Upon the filing of such affidavit and the posting of the same, the superior court of the county shall have jurisdiction of the subject-matter and of the parties to such contest, and all candidates at any such primary election are permitted to be candidates under this act, only upon the condition that such jurisdiction for the purposes of the proceeding authorized by this section shall exist in the manner and under the conditions provided by this section. . . . On the eighth day after the completion of the official canvass the county clerk shall present the affidavits . . . and proof of posting, . . . to the judge of the superior court of the county, . . . which judge shall, upon such presentation, forthwith designate the time and place where such contest shall proceed, . . . which time must not be less than one nor more than three days from the presentation of the matter to the court by the county clerk as herein provided. . . . If the number of votes which are sought to be recounted, or the number of contests are such that the judge shall be of opinion that it will require additional judges to enable the contest or contests to be determined in time to print the ballots for the election, if there be only one judge for such county, he may obtain the service of any other superior judge. . . . If the proceeding is in a county or city and county where there is more than one superior judge, the judge to whom the case or cases shall be assigned shall notify the presiding judge forthwith, of the number of judges which he deems necessary to participate, in order to finish the contest or contests in time to print the ballots for the final election.''

■ We are of the opinion that the construction placed upon the provisions of the general election laws having to do with election contests are not applicable nor controlling here. It is obvious that the recount contemplated by the foregoing section must be had immediately following the canvass. The law provides that the judge shall designate the time and place where such contest shall proceed ''which time must not be less than one nor more than three days from the presentation of the matter to the court''. We think this language is mandatory, at least that by no pos-

94

sible construction could the time be extended further than such date as would still permit the finishing of the contest "in time to print the ballots for the final election". In considering the nature of the provisions of this law as being mandatory or directory, we are bound to take into account further requirements as to preparation for the ballot by the secretary of state. These make it clear that the requirement that the contest be finished "in time to print the ballots for the final election", is mandatory. This is so because the Secretary of State must "make such changes in the record in his office as such judgment or judgments require", must "not later than the twenty-fifth day after any primary election compile the returns", and also certify the revised compilation showing the name of every person who has received the nomination to the county clerk or registrar of voters, not less than thirty days before the November election. (Secs. 21, 22, 23, Ibid.)

Taking judicial notice of the statutes and of the dates of election, it becomes apparent that the compilation of the Secretary of State will have been certified prior to any possible determination of judicial proceedings in this instance. No action of the Superior Court could avail anything, and would only determine a question already moot.

The petition for writ of prohibition is granted.

Works, P. J., and Thompson (Ira F.), J., concurred.