446 P.2d 231

The **BOARD OF SUPERVISORS OF MARICOPA COUNTY, and Mrs. Rhea Woodall, its Clerk; and John E. Burke, Director of Elections for Maricopa County, Petitioners,**

v.

The **SUPERIOR COURT of Arizona, MARICOPA COUNTY; Honorable Roger G. Strand and Lawrence Howard, Judges thereof; and George Fike; E. J. Brach; John E. Burke; John McClellan; Virginia McClellan; Juanita Harelson, and James E. Harelson, Respondents.**

No. 9390.

Supreme Court of Arizona.

In Division.

Oct. 16, 1968.

Cox & Cox, by Z. Simpson Cox, Phoenix, for petitioners.

Jennings, Strouss, Salmon & Trask, by Clarence J. Duncan, and Rex E. Lee, Phoenix, for John McClellan and Virginia McClellan.

Gary K. Nelson, Atty. Gen., by Robert J. Corcoran, Sp. Asst. Atty. Gen., for Wesley Bolin, Secretary of State.

Raymond Huffsteter, Phoenix, for Judge Lawrence Howard and John E. Burke.

Reid Woodford, Phoenix, for Robert John Walton.

Larry J. Richmond, Phoenix, for Juanita Harelson and James E. Harelson.

Jack Levine, Phoenix, for Robert C. Winter.

Baldo J. Lutich, Phoenix, for E. J. Brash and George Fike.

Richard F. Harless, Phoenix, in pro per.

DONOFRIO, Judge of the Court of Appeals.

This case is before us on a petition for writ of prohibition to prohibit the Superior Court in Maricopa County from proceeding in Civil Actions C214544, C214517, C214546 and C214309. These are causes which concern the preparation of the forthcoming official primary election ballot. The application for the extraordinary writ is appropriate when the remedies in the ordinary course of law are not equally plain, speedy and adequate. Caruso v. Superior Court in and for County of Pima, 100 Ariz. 167, 412 P.2d 463 (1966). Because of the extreme shortage of time to finalize election ballots, we heard the matter upon a day's notice and issued our order August 8, 1968, granting the writ of prohibition, stating that this written opinion was to follow.

The four Superior Court actions are cases brought against the Board of Supervisors and other public officials to either restrain them from placing the names of certain candidates on the official primary election ballot or to require them to include the names of certain other candidates on the ballot. The date of the primary election is September 10, 1968. In all but one of the cases the particular public office presently exists and will be filled by the winner at the general election on November 5, 1968. In the one case, No. C214546, referred to as the McClellan case, a different situation exists. The legislature, insofar as pertinent herein has provided by House Bill 136 of the Twenty-eighth Legislature, Second Regular Session (Chapter 189 of the Laws of 1968) that two additional supervisors should be elected at large in Maricopa and Pima Counties, to take office in January of 1969.

Referendum petitions as provided by Article IV, Arizona Constitution, A.R.S., to prevent this law as passed by the legisla-

ture from going into effect without the people voting upon it, have been filed with the Secretary of State. The sufficiency of the signatures on these petitions which seek to have the law placed upon the general election ballot is questioned in the McClellan case. There has been no determination of this issue other than the Secretary of State certifying that there is a sufficient number of names on the petitions for filing in his office. The McClellan cause also seeks to have the names of the persons filing nomination papers for the two positions of Supervisor in each of the two counties placed on the primary ballot.

■ Petitioners are the officials charged by law with the duty of preparing ballots for the primary election. A.R.S. § 16–1104, subsec. B provides that the official absentee or disabled voter's ballot shall be delivered to the Recorder in "not less than thirty days prior to a primary election". Counting back from September 10, 1968, we find that the thirtieth day falls on Sunday, August 11, 1968. To comply with the statutes this would require petitioners to deliver the ballots on August 11, 1968. Normally, when the last day to do an act falls on a Sunday, A.R.S. §§ 1–243 and 1–303 provide that it may be performed on the next ensuing business day. These statutes, however, apply to "the time in which an act is required to be done" or when it is provided that anything is "to be done upon a day named or within a time named". § 16–1104, subsec. B is a statute dealing with elections and uses the words "not less than thirty days prior". If we allow an additional day to deliver the ballots because the last day falls upon a Sunday, the delivery will no longer be "thirty days prior". We believe this statute is to be strictly construed. Therefore, the phrase "not less than thirty days" is to be followed strictly. McLoughlin v. City of Prescott, 39 Ariz. 286, 6 P.2d 50 (1931). Since the Recorder's office is closed on Saturdays as well as Sundays and evenings, delivery may have to be made by 5:00 p. m., Friday, August 9, 1968, which gives only two days from the filing of the petition herein.

The difficulty which has resulted in the starting of the four legal actions is that the legal sufficiency of the petitions of the candidates involved cannot be determined in the short time remaining before the ballots for the primary election have to be printed. None of the trial courts involved, even with accelerated hearings, could take the necessary evidence, listen to the legal arguments, give calm, unhurried consideration to the cases, and still render decisions in time to advise the printer of the changes, get the printing task started and the absentee ballots distributed. In Rapier v. Superior Court of Greenlee County, 97 Ariz. 153, 398 P.2d 112 (1964), which was an election contest brought after the primary and before the general election, we said:

"* * * By the very nature of the election system, contests of the primary election such as presented by this case, must be settled in time for the electorate to exercise their voting franchise at the general election set by law. Sterling v. Ferguson [122 Tex. 122, 53 S.W.2d 753] (Texas 1932), supra; Polk v. Davidson [145 Tex. 200, 196 S.W.2d 632] (Texas 1946), supra; and Hill v. Superior Court [109 Cal.App. 91, 292 P. 662] in and for Los Angeles County (1930), supra. * *

"We therefore hold that the primary election contest in the case at bar is moot and should be dismissed, and the matter left in the same condition that would have existed had no contest been instituted."

■ Petitioners have started printing primary ballots based upon the designation by the Secretary of State of offices to be voted upon as provided by A.R.S. § 16–501. The candidates' names placed thereon are those who have filed nominating petitions with sufficient signatures which presumably are in compliance with the election laws. The presumption is that petitions which are circulated, signed and filed are valid. Whitman v. Moore, 59 Ariz. 211, 125 P.2d 445 (1942). At this point there has been no showing that the petitions of

the candidates whose names are being placed on the ballot, or of the signatures on the referendum are invalid.

Without a final determination of the merits of the McClellan action in the McClellans' favor, there can be no offices to be voted upon for the two supervisorial posts until the general election. In McBride v. Kerby, 32 Ariz. 515, 260 P. 435 (1927), this Court stated with reference to referendum:

"But what is the effect of the reference? Again the Constitution is explicit on that point:

'Any measure * * * to which the referendum is applied, shall be referred to a vote of the qualified electors, and shall become law when approved by a majority of the votes cast thereon * * * *and not otherwise.* (Italics ours.)'

"In other words, the vote of the legislature approving the particular measure referred is nullified, and *that particular measure* can only become a law when approved by the voters. * * *"

The same applies to the instant situation.

 Entered as of August 8, 1968: It is ordered that the petition for Writ of Prohibition in Civil Actions numbered C214544, C214517, C214546, and C214309 in the Superior Court of Maricopa County be granted prohibiting the respondents from in any manner interfering with the Boards of Supervisors in Maricopa and Pima Counties from proceeding with the preparation and printing of the ballots for the forthcoming primary election September 10, 1968, in accordance with law.

It is further ordered that the Writ of Mandamus issued by the Superior Court of Maricopa County, Cause No. C214546 be and the same is hereby vacated without prejudice to the respondents, John and Virginia McClellan, to proceed in the Superior Court in a determination of the sufficiency of the petitions to place the referendum matter on the general election to be held in November 1968.

We reiterate what we said in Rapier:

"We call attention to the above conditions as they now exist in our primary election contest statutes to demonstrate that they are for all practical purposes inoperative. This is because primary election contests in most instances cannot be finally completed before the time absentee balloting begins in the subsequent general election. * * *"

The peremptory Writ of Prohibition is made permanent.

UDALL, V. C. J., and BERNSTEIN, J., concur.

NOTE: Justice LORNA E. LOCKWOOD having disqualified herself, Judge FRANCIS J. DONOFRIO sat in her stead.