484 P.2d 201

Michael J. WELSH, Appellant,

v.

**ARIZONA STATE BOARD OF ACCOUNTANCY, Appellee.**

No. 1 CA–CIV 1320.

Court of Appeals of Arizona,
Division 1,
Department A.

April 28, 1971.

Rehearing Denied May 28, 1971.

Review Denied June 29, 1971.

Behrens, MacLean & Jacques, by John H. MacLean, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen. by D. Jay Ryan, Asst. Atty. Gen., for appellee.

MORRIS ROZAR, Superior Court Judge.

Appellant Welsh, an Internal Revenue Service (hereinafter referred to as IRS) Agent since 1959, expressed a desire in 1966 to obtain a Certified Public Accountant's (hereinafter referred to as CPA) certificate. In a letter of March 18, 1966, to the Arizona State Board of Accountancy (hereinafter referred to as the Board), Welsh recounted his background as follows:

1) May, 1959, Bachelor of Science degree with a major in accounting from Southwest Missouri State College;

2) July, 1959—present, employment with IRS as a field agent General Schedule 7 (G.S. 7), advancing to G.S. 11, examining federal income tax returns of individuals, partnerships and corporations. Welsh also inquired whether the above-stated background would qualify him for a CPA certificate after successful completion of the CPA examination. The Board's reply letter of March 21, 1966, stated the following:

1) Welsh's educational background met the requirements to sit for the CPA examination;

2) To receive a CPA certificate an applicant must have been employed by a CPA for two years, or by a public accountant (PA) for four years or "the experience determined by the members of the Board to be the equivalent thereof;"

3) The present Board is unable to offer an opinion as to what a future Board may determine;

4) Past Boards have issued several certificates on the basis of accepting experience with the IRS.

Shortly thereafter appellant began to study and review for the CPA examination. In January 1968, Welsh applied to sit for the May 1968 examination and accordingly paid the $40 examination fee. Appellant took the examination during two and one-half days in May 1968 and was notified in June 1968, not only that he passed the examination but that he attained the highest score in Arizona. In July 1968, Welsh successfully completed an examination of the Rules of Professional Conduct and then applied for a CPA certificate.

By letter of August 29, 1968, the Board notified Welsh that his application for a certificate, considered at the Board's August 19, 1968, meeting, was rejected on the basis that his experience was not equivalent to that required by § 32–721, subsec. A, par. 5 A.R.S. The Board in part stated "that experience in the Internal Revenue Service * * * at any grade level is not equivalent to two years experience in public accounting as a full-time staff account-ant in the office of a certified public accountant." The Board further noted that

previously it had recognized the amount of IRS experience at the level Welsh had attained as being the equivalent of one year's experience in public accounting. This Court notes, however that under the prior law only one year's experience was necessary.

Welsh then applied to the Board for reconsideration of his application. On November 18, 1968, he presented evidence to the Board emphasizing the equivalence of IRS experience to public accounting experience. The Board tabled his application pending the submission of a committee report on the subject of equivalency. On February 17, 1969, after receiving an oral report from said committee the Board again denied Welsh's application. We quote portions of the minutes of the meeting:

"*CPA Certificates (Equivalent Experience)—Section 32–721)*

The applicants, as listed below, appeared before the members of the Board at 11:00 A.M., accompanied by James Wilson Smith, their legal advisor in regard to their applications and their request of consideration of 'equivalent experience' to meet the experience requirement of the Arizona Accountancy Law. Mr. Anderson, thereupon, presented the following report of the 'Joint Committee' as noted:

\*     \*     \*     \*     \*     \*

THAT the Committee met several times in total, and/or thru telephone discussion, to consider the entire problem at great length, and

THAT after such deliberation, it was the unanimous opinion of the Committee

THAT it was not possible to specifically define the term of 'Equivalent Experience,' and

THAT due care was used in the selection of an appointment of the members of the Arizona State Board of Accountancy as men well qualified in their profession, and

THAT such State Board should decide each case involving 'Equivalent Experience' on its own merits, and

THAT based upon this Committee Report, and on Hearings previously held in connection with these cases, I move

THAT the applications for certificate(s) of Certified Public Accountant, submitted under Section 32–721, by

\*     \*     \*     \*     \*     \*

Michael J. Welsh

be denied since it is the determination of the members of the Arizona State Board of Accountancy that they do not meet the experience requirements prescribed under the Accountancy Act." (Emphasis theirs.)

Welsh then filed an application for writ of mandamus in the Maricopa County Superior Court seeking to compel the appellee Board to issue him a CPA certificate. The Board filed a motion to dismiss. The motion was denied and a petition for a writ of prohibition was filed in this Court which was assigned cause number 1 CA–CIV 1108. After an informal hearing this Court dismissed the petition by a minute entry order. This order expressed the view that the February 17, 1969 action of the Board was a decision and that the 35 days within which to seek a judicial review under A.R.S. § 12–904 had been continued by reason of the failure to give notice as required by that section. We reaffirm these views.

On August 14, 1969, the Superior Court, The Honorable Roger G. Strand presiding, ordered, in accordance with parties' stipulations, that the pleadings on file in the mandamus action constituted a timely filed complaint and answer in accordance with the Administrative Review Act, § 12–901 et seq., A.R.S., without prejudice to the mandamus action which was to remain in a pending status. After hearing testimony, the Superior Court on November 6, 1969, affirmed the Board's decision of February 17, 1969. Welsh now seeks review of that decision.

■ The Arizona statutes expressly relating to the certification of CPAs, as applicable to this case, are found in Chapter 68 of the Laws of 1960. Therein A.R.S. § 32–743, subsec. J expressly authorizes the utilization of the Administrative Review Act in relation to the Board's action in disciplinary matters and the Chapter is silent as to the utilization of the Administrative Review Act in instances where the Board declines to issue a certificate. In our opinion the action of the Board falls within the judicial review provisions of the Administrative Review Act. Pursuant to A.R.S. § 12–910 the trial court heard evidence as on a trial de novo. A.R.S. § 12–911, subsec. A, par. 5 empowers the trial court to "[m]odify, affirm or reverse the decision in whole or in part."

The issue presented on appeal is whether the Board adopted a reasonable standard in determining that appellant's experience was not equivalent under A.R.S. § 32–721, subsec. A, par. 5(a) or (b).

■ In reviewing actions of the trial court under statutes providing for review of administrative agencies, this Court need inquire only whether the record contains evidence of a substantial nature to support the lower court's judgment. Arizona State Board of Medical Examiners v. Clark, 97 Ariz. 205, 398 P.2d 908 (1965).

The pertinent excerpts of the statute in controversy are:

"Further qualifies under one of the following:

(a) Has been employed as a full-time staff accountant in the office of a certified public accountant either before or after passing the examination for certified public accountant for a period of one year if the examination is passed prior to January 1, 1965, and two years if the examination is passed after January 1, 1965, *or has had experience determined by the board to be the equivalent thereof.*

(b) Has been employed as a full-time staff accountant in the office of a public accountant either before or after passing the examination for certified public accountant for a period of two years if the examination is passed prior to January 1, 1965, and for four years if the examination is passed after January 1, 1965, *or has had experience determined by the board to be the equivalent thereof."* (Emphasis added.) A.R.S. § 32–721, subsec. A.

■ Due to the lack of legislative standards to guide the Board in determining equivalence, a question arises as to whether the statute grants the Board uncontrolled discretion in the exercise of its power. Hernandez v. Frohmiller, 68 Ariz. 242, 204 P.2d 854 (1949). In such situations this Court has a duty to reconcile the statute's language with the constitution rather than adopting a construction rendering the statute unconstitutional. Frye v. South Phoenix Volunteer Fire Co., 71 Ariz. 163, 224 P.2d 651 (1950); Roberts v. Spray, 71 Ariz. 60, 223 P.2d 808 (1950); Stewart v. Robertson, 45 Ariz. 143, 40 P.2d 979 (1935). Accordingly, we find that the statute requires the Board to act reasonably in determining equivalent experience.

The record indicates that in Arizona there are at least three types of accounting firms composed of CPAs which employ junior accountants (non-certified accountants) as full-time staff accountants—small local firms, large local or regional firms and national firms. The experience received by a junior in each type of firm varies. In small local firms a junior's experience is limited solely to write-up work. The junior's experience in large local firms consists mainly of write-up work and the preparation of tax returns. The American Institute of Certified Public Accountants offers classroom training for these juniors but in actual practice utilization of the program is slight. The junior accountants in the national firms are exposed to the most comprehensive training which includes the auditing and confirming of accounts, the taking of inventory and the preparation of statements for the CPA's attestation. Actual attestation is

not done by the junior, but only by the CPA. The record is silent as to the experience received in a PA office. Thus the spectrum or range of experience received in the first two years a junior is employed by a CPA or a PA is broad and varies greatly depending upon the size of the employing firm.

Appellant Welsh's accounting experience has been solely with the IRS. He began examining individual tax returns. After one year he progressed to examining individual returns with business and/or farm schedules attached. One and one-half years later he was assigned to examine the returns of small corporations, individuals with businesses and partnerships. After spending four and one-half years at that level, Welsh began examining larger corporate returns and is presently examining the returns of the largest corporations in Arizona.

The record reveals that the Board's basis for denying Welsh a certificate was that his experience with IRS did not include the auditing and confirming of accounts, the taking of inventory or the preparation of statements for the CPA attestation. The Board decided that under no circumstances would it accept IRS service as being equivalent. Juniors in small local firms are exposed to none of these types of experience while the testimony was contradictory as to whether junior accountants in large local firms received such experience in the first two years of employment. Most junior accountants in large national firms are exposed to such types of experience in their first two years of employment, though the record indicates that some juniors enter large national firms' tax departments directly from college and are not exposed to these various forms of experience.

Those who testified in support of the Board acknowledged a lack of knowledge of the standards and requirements of the IRS. They placed great reliance upon a 100-page manual entitled "Auditing Standards and Procedures" designated as "State-ments on Auditing Procedure No. 33." They acknowledged a lack of knowledge as to the existence of a similar manual for the use by the IRS personnel.

The implication in the record is that two years of experience under A.R.S. § 32–721, subsec. A, par. 5(a) or four years of experience under the following subsection is automatically accepted by the Board without regard to the scope or the quality thereof.

The clear inference from the foregoing facts is that the Board applied a more rigorous standard to Welsh who sought to qualify under the equivalent experience clauses in paragraph 5(a) or (b) of § 32–721, subsec. A, A.R.S., than to those who sought to qualify under the employment with a CPA or PA clause of said statute.

■ The Board's minutes contain an official declaration that the Board is not able to set up equivalency standards. The Board unqualifiedly rejects all IRS service of whatever quality or period of time. The appellant presented qualified witnesses who testified that his experience did meet reasonable tests of equivalency. We hold that the action of the Board was arbitrary.

■■ In determining equivalent experience the Board must consider the applicant's experience in light of the full spectrum of experience to which juniors employed by CPAs for two years or PAs for four years are exposed. If an applicant seeking to qualify under the equivalent clause has experience equal in quality to another applicant's experience who qualifies under the employment clauses of the statute the Board must deem such experience equivalent. Viewing the evidence from this perspective we find a lack of substantial evidence to support the action of the Board or the trial court's judgment, and also find that appellant's experience is equivalent.

This cause is reversed with directions to enter a judgment directing the Arizona State Board of Accountancy to issue a Certified Public Accountant certificate to

Michael J. Welsh pursuant to A.R.S. § 32–728.

STEVENS, P. J., and DONOFRIO, J., concur.

NOTE: Judge JAMES DUKE CAMERON was a member of this Court at the time this appeal was argued. He requested that he be relieved from consideration of this matter, and The Honorable MORRIS ROZAR, a Judge of the Superior Court, was called to sit in his stead and to participate in the determination of this decision.