564 P.2d 928

**ARIZONA STATE BOARD OF ACCOUNTANCY, an administrative agency of the State of Arizona, Appellant,**

v.

**William KEEBLER and the United States of America, Appellees.**

No. 1 CA–CIV 3378.

Court of Appeals of Arizona,
Division 1,
Department B.

March 22, 1977.

Rehearing Denied April 22, 1977.

Review Denied May 24, 1977.

Bruce E. Babbitt, Atty. Gen. by Patrick M. Murphy, Asst. Atty. Gen., Phoenix, for appellant.

Jennings, Strouss & Salmon by Kenneth T. Finke, Phoenix, for appellee, Keebler.

Gilbert E. Andrews, Richard W. Perkins, William A. Whitledge, Asst. U. S. Attys., Washington, D.C., for appellee, United States of America.

WREN, Judge.

The State Board of Accountancy brings this appeal from a judgment of the Superior Court ordering that the appellee, William Keebler, be granted a Certified Public Accountant certificate. This judgment reversed the Board's ruling that Keebler had failed to meet the statutory requirements for a C.P.A. certificate. On appeal, appellant questions the trial court's interpretation of certain critical language in the statute which sets out the qualifications for a C.P.A. and the trial court's order granting the United States of America's petition for intervention.

A.R.S. § 32–721 delineates the qualifications that must be met by an applicant for issuance of a C.P.A. certificate. The qualification in issue on this appeal is contained in A.R.S. § 32–721(A)(5) which provides, inter alia:

"A. A certificate of certified public accountant shall be issued by the board to any person who:

   *    *    *    *    *    *

"5. Has been employed as a full-time staff accountant, either before or after passing the examination for certified public accountant, for a minimum period of two years in the office of a certified public accountant or public accountant, within private industry or a government agency, which employment shall have exposed the applicant to and provided him with experience in the practice of accounting, including examinations of financial statements and reporting thereon . . . ."

It is the Board's contention that the phrase, "examinations of financial statements and reporting thereon," has a special meaning within the accountancy profession and means the attest function of an independent auditor. The attest function of an independent auditor is the performance of an audit in accordance with generally accepted auditing standards and expressing an opinion on the financial statements as to the fairness of those statements in representing the financial condition of the audited corporation. The Board urges that experience in the attest function is required under A.R.S. § 32–721(A)(5) before an applicant can qualify as a C.P.A.

The appellee had been an Internal Revenue Service agent for five years at the time he made application for a C.P.A. certificate. The Board rejected his application on the grounds that he admittedly lacked experience with the attest function of an independent auditor.

Keebler appealed the Board's decision to Superior Court pursuant to the Administrative Review Act, A.R.S. § 12–901 et seq. The United States of America sought and was permitted to intervene on Keebler's behalf. The trial court reversed the Board's decision and ordered that Keebler be issued a C.P.A. certificate on the grounds that the Legislature did not intend the language of A.R.S. § 32–721(A)(5) to require experience with the attest function of an independent auditor. We agree with this interpretation by the court.

A fundamental rule of statutory construction is that the intent of the legislature be ascertained and that statutes be construed to effect this intent. All other rules of construction are secondary and are for the purpose of aiding in determining legislative intent. *Members of Bd. of Ed. of Pearce U.H.S. Dist. v. Leslie*, 112 Ariz. 463, 543 P.2d 775 (1975); *State v. Allred*, 102 Ariz. 102, 425 P.2d 572 (1967); *City of Mesa v. Killingsworth*, 96 Ariz. 290, 394 P.2d 410 (1964); *Odle v. Shamrock Dairy of Phoenix, Inc.*, 7 Ariz.App. 515, 441 P.2d 550 (1968); See, A.R.S. § 1–211 A. Legislative intent must first be sought in the words of the statute and if the language of the statute is plain and unambiguous it must be given effect and no other rules of construction will be employed to contradict their clear import. *Balestrieri v. Hartford Acci-*

*dent and Indemnity Insurance Co.*, 112 Ariz. 160, 540 P.2d 126 (1975); *Ernst v. Collins*, 81 Ariz. 178, 302 P.2d 941 (1956).

The meaning of the phrase "examinations of financial statements and reporting thereon" is not apparent from the plain words of the statute. Appellant urges that the legislature's intent was that attest function experience was to be required and cites two rules of statutory construction in support of its position. The first is A.R.S. § 1–213 which provides:

"§ 1–213. Words and phrases

Words and phrases shall be construed according to the common and approved use of the language. Technical words and phrases and those which have acquired a peculiar and appropriate meaning in the law shall be construed according to such peculiar and appropriate meaning."

Appellant points out that all the testimony before the Board was that the phrase meant the attest function of an independent auditor and pursuant to A.R.S. § 1–213 such a technical meaning should be afforded this phrase. *Corning Glass Works v. Brennan*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Hardware Mutual Casualty Company v. Premo*, 153 Conn. 465, 217 A.2d 698 (1966).

Appellant also urges that the rule that the interpretation of a statute by the administrative agency charged with its enforcement, while not binding, should be afforded great weight by the court construing its meaning. *Police Pension Board of City of Phoenix v. Warren*, 97 Ariz. 180, 398 P.2d 892 (1965); *Jenney v. Arizona Express, Inc.*, 89 Ariz. 343, 362 P.2d 664 (1961).

■ In addition to reviewing evidence of the technical meaning of "examinations of financial statements and reporting thereon" and the interpretation of the Board, the trial court considered the legislative history of the statute, and concluded that the Board erred in applying the technical definition of the phrase. Because the issue of statutory interpretation is one of law, both the trial court and the appellate court are free to draw their own legal conclusions

and are not limited to the administrative review standard of arbitrary, capricious or abuse of discretion. *Mountain States Tel. & Tel. Co. v. Sakrison*, 71 Ariz. 219, 225 P.2d 707 (1950); *Red Rover Copper Co. v. Industrial Commission*, 58 Ariz. 203, 118 P.2d 1102 (1941); *Eshelman v. Blubaum*, 114 Ariz. 376, 560 P.2d 1283 (filed Feb. 24, 1977).

Prior to the 1973 amendments to A.R.S. § 32–721, the experience requirement for a C.P.A. certificate provided:

"Further qualifies under one of the following:

(a) Has been employed as a full-time staff accountant in the office of a certified public accountant either before or after passing the examination for certified public accountant for a period of one year if the examination is passed prior to January 1, 1965, and two years if the examination is passed after January 1, 1965, *or has had experience determined by the board to be the equivalent thereof.*"

In *Welsh v. Arizona State Board of Accountancy*, 14 Ariz.App. 432, 484 P.2d 201 (1971), the Court of Appeals overturned the Board's denial of a C.P.A. certificate on the grounds that the applicant lacked attest function experience. The Court found that it was possible under the statute for employees of C.P.A.'s to qualify for a certificate without attest function experience. Therefore, it was unreasonable for the Board to require that type of experience under the latter part of the statute which permitted the Board to determine if an applicant's experience was equivalent to that gained in a C.P.A. office. The Court held that two years experience as an Internal Revenue agent was sufficient to meet the statutory requirements.

As a result of the *Welsh* case, an amended statute was introduced in the 1973 legislature as House Bill 2112. This bill set forth in great detail the experience required for issuance of a C.P.A. certificate and specifically included the attest function. An alternative method of satisfying

the experience requirement was five years service as an I.R.S. agent.

After passing the House in this form, the Senate referred the bill to the Agriculture, Commerce and Labor Committee which in turn referred it to a subcommittee. The bill emerged from the subcommittee drastically altered; requiring two years experience only in the office of a P.A. or C.P.A., which experience included "examinations of financial statements and reporting thereon" as qualifying for a C.P.A. certificate. The detailed language specifically requiring attest function experience and the special qualifying experience for I.R.S. agents was deleted in the subcommittee's version of the bill.

After this amended bill was returned to the full committee, it was further amended to permit experience within private industry or government to qualify as necessary experience for a certificate. Mr. Dennis Mitchem, President of the Arizona Society of C.P.A.'s, in his testimony before the Senate Committee, urged the committee to add· to the phrase "examinations of financial statements and reporting thereon" the additional phrase "in accordance with generally accepted auditing standards." This further statement according to Mitchem would intellectually complete the first phrase although, in his opinion, "examinations of financial statements and reporting thereon" necessarily implied that it was done in accordance with generally accepted auditing standards whether this was stated or not. The clear meaning is the attest function of an independent auditor according to Mitchem.

Appellant urges that the Senate's version of the bill which is now A.R.S. § 32–721(A)(5) was merely a clarification and simplification of the House version and the intent was to require attest function experience. *Cyr & Evans Contracting Co. v. Graham*, 2 Ariz.App. 196, 407 P.2d 385 (1965). Appellee asserts that the omissions on the final enactment of the original specific attest function language evidences the legislature's intent that the omitted language was not to be given effect. *State Board of*

*Barber Examiners v. Walker*, 67 Ariz. 156, 192 P.2d 723 (1948).

We have concluded that the history of A.R.S. § 32–721(A)(5) demonstrates, as the trial court found, that the legislature did not intend to require attest function experience. Rather the inclusion of the environments of private industry and government as well as the failure to adopt the detailed attest function language of the House Bill or the language "in accordance with generally accepted auditing standards" are indicative of an intent to afford a broad interpretation to the experience requirement.

In determining whether the trial court acted properly in ordering that Keebler be granted a C.P.A. certificate rather than remanding his application to the Board for further consideration, we need only determine whether there is substantial evidence in the record to support the trial court's judgment. *Arizona State Board of Medical Examiners v. Clark*, 97 Ariz. 205, 398 P.2d 908 (1965); *Welsh v. Arizona State Board of Accountancy*, supra. The evidence before the Board in the form of the testimony of former I.R.S. agents and the employer's certificate describing Keebler's experience reveal that he had been exposed to the examination of corporate financial statements for the purpose of assessing correct tax liability and had reported on these financial statements. We believe the trial judge's granting of the certificate is amply supported in the evidence and is in accord with legislative intent.

▪ Regarding the Board's contention that the United States was an improper party in intervention, we find this issue moot in light of our affirmance of the trial court's judgment. A resolution of this issue would have relevance only in the event of a remand. The Board sought no independent relief from the alleged impermissible intervention.

Judgment affirmed.

SCHROEDER, P. J., and EUBANK, J., concur.