716 P.2d 55

**John E. SMITH and C.L. Scott, Contestants/Appellants,**

v.

**BOARD OF DIRECTORS, HOSPITAL DISTRICT NO. 1, PINAL COUNTY, Contestee/Appellee.**

**No. 2 CA–CIV 5516.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 19, 1985.

Review Denied March 18, 1986.

Knollmiller, Herrick, Brown & Arenofsky, P.C. by Thomas N. Swift, Tempe, for contestants/appellants.

Gust, Rosenfeld, Divelbess & Henderson by Fred H. Rosenfeld and Brian Holohan, Phoenix, for contestee/appellee.

HOWARD, Judge.

The contestants sought to challenge an election authorizing the issuance of bonds by the hospital district. The Pinal County Board of Supervisors canvassed the election and declared the result on May 28, 1985, and the contestants filed their statement of contest on June 4, 1985.

A.R.S. § 16–674 provides, in pertinent part:

"An elector of a ... political subdivision of such [a] county ... may contest ... a question, proposal, measure or proposition submitted to and voted on by the electors on the same grounds and in the same manner as contests of election to a state office or question, proposal, measure or proposition submitted to the vote of the electors of the state."

A.R.S. § 16–673(A), the statute governing the procedure for contesting a state election, provides a five-day statute of limitations. Moreover, the statute begins to run after completion of the canvas of the election and declaration of the results. In this case the canvas was completed and the result declared on May 28, 1985. Five calendar days following that date was Sunday, June 2. The contestants waited until Tuesday, June 4 to file their petition.

The contestants contend that Rule 6(a), Rules of Civil Procedure, 16 A.R.S., must be read in conjunction with the statute. The material part of Rule 6(a) in effect during this period provides:

"When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

The issue has been decided adversely to contestants' position in the case of *Bedard v. Gonzales*, 120 Ariz. 19, 583 P.2d 906 (1978). Time elements in election statutes are to be construed strictly and Rule 6(a) does not apply to them.

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.