843 P.2d 1279

**John J. BARRY, Plaintiff–Appellant,**

v.

**Phyllis ALBERTY, Town Clerk, Town of Gilbert, Defendant–Appellee.**

No. 1 CA–CV 92–0255.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 22, 1992.

Theodore C. Jarvi, Tempe, for plaintiff-appellant.

Martinez & Curtis, P.C. by Jay M. Martinez, Steven B. Bennett, Phoenix, for defendant-appellee.

## OPINION

CONTRERAS, Judge.

Appellant John J. Barry appeals from the trial court's judgment dismissing his petition for special action. In the special action petition, Barry asked the trial court for an order compelling the Gilbert Town Clerk ("Appellee" or "Town Clerk") to accept and file a referendum petition. The trial court dismissed the special action petition as untimely because it was not filed within ten days after Appellee refused to accept and file the referendum petition.[1] We affirm the trial court's judgment.

There are four issues presented on appeal:

1) whether the ten-day period for filing a special action seeking to compel a public officer to accept and file a referendum petition pursuant to A.R.S. section 19–122(A) began to run (a) when the Town Clerk issued a written refusal to accept and file the referendum petition, (b) on the date of the Town Clerk's letter stating the reason for the refusal, or (c) on the date when the person who submitted the petition received the letter;

2) whether Rule 6(a) of the Arizona Rules of Civil Procedure requires that weekends and holidays be excluded when computing the ten-day period;

3) whether Rule 6(e) of the Arizona Rules of Civil Procedure requires that the ten-day period be extended by five additional days because the letter stating the Town Clerk's reason for refusal was sent by mail; and

4) whether the Superior Court abused its discretion in granting Appellee's motion to dismiss.

---

1. Appellee's duties and the applicable time constraints are prescribed by Ariz.Rev.Stat.Ann. ("A.R.S.") section 19–122(A) (West 1990). The writ of mandamus provided for by A.R.S. section 19–122(A) is governed by Rule 1 of the Arizona Rules of Procedure for Special Actions.

## FACTUAL AND PROCEDURAL BACKGROUND

The pertinent undisputed facts follow. In 1987, the Town of Gilbert ("Gilbert") held a special election that resulted in a majority of the qualified voters authorizing Gilbert to acquire a portion of the Arizona Public Service ("APS") electric distribution system in Gilbert. Four years later, on December 10, 1991, the Gilbert Town Council considered the feasibility of either acquiring the APS system or approving a settlement agreement between Gilbert and APS whereby Gilbert would abandon the plan to acquire the system. The Council voted 4 to 3 to abandon the acquisition and approved the proposed settlement agreement between Gilbert and APS.

On January 9, 1992, Walter Lowe submitted to the Gilbert Town Clerk the circulated referendum petition challenging the approved settlement between Gilbert and APS. On January 20, 1992, the Gilbert Town Clerk refused to accept and file the referendum petition. On that date, the Town Clerk issued a written statement of her reason for refusal, claiming that the proposed referendum challenged an administrative Council action and that administrative actions were not subject to referendum.[2] On that same date, the Town Clerk mailed a letter dated January 20, 1992, to Walter Lowe setting forth a written statement for the refusal. A newspaper reporter advised Lowe on January 21, 1992, that the Town Clerk had rejected the referendum petition. Lowe received the Town Clerk's written statement of the reason for the refusal by certified mail on January 22, 1992.

On January 31, 1992, Appellant Barry filed a petition for special action in the Maricopa County Superior Court asking the court to compel the Gilbert Town Clerk to accept and file the referendum petition.[3]

There is nothing in the record that indicates, nor does Barry contend, that he was in privity with Walter Lowe or that he was otherwise entitled to individual direct notification by the Town Clerk.

■ Appellant argues that the trial court *abused its discretion* in granting Appellee's motion to dismiss. However, we are not considering a matter within the trial court's *discretion.* The interpretation of a statute is a question of law. *Arizona State Bd. v. Keebler,* 115 Ariz. 239, 241, 564 P.2d 928, 930 (Ct.App.1977). We are not bound by the trial court's determination of questions of law and may consider the question on a *de novo* basis. *Id.; Chaffin v. Commissioner,* 164 Ariz. 474, 476, 793 P.2d 1141, 1143 (Ct.App.1990).

■ The Arizona Supreme Court has provided the context for our consideration by distinguishing between initiative and referendum measures. *See Kromko v. Superior Court,* 168 Ariz. 51, 811 P.2d 12 (1991); *Western Devcor, Inc. v. City of Scottsdale,* 168 Ariz. 426, 814 P.2d 767 (1991). The Court has also provided guidelines for construing the statutory language governing referendum measures brought pursuant to Title 19 of the Arizona Revised Statutes. *See Western Devcor,* 168 Ariz. 426, 814 P.2d 767; *Cottonwood Dev. v. Foothills Area Coalition,* 134 Ariz. 46, 653 P.2d 694 (1982). Basically, initiative actions provide electors with a means to submit legislation directly to the voters for their approval or rejection. A.R.S. § 19–102. Initiative measures require "substantial" compliance with requirements of the law, but not necessarily "technical" compliance. *Kromko,* 168 Ariz. at 58, 811 P.2d at 19.

■ On the other hand, referendum actions provide the electors with a means by which legislation that has already been en-

---

2. By virtue of our disposition, we do not reach the merits of the referendum petition and express no opinion regarding Appellant's substantive position.

3. A.R.S. section 19–122(A) provides that "any citizen" may file a petition for special action ten days after a referendum petition is refused.

acted by elected representatives may be referred to the voters. A.R.S. § 19–101. The Arizona Supreme Court has considered the referendum to be an "extraordinary power ... that permits a minority to hold up the effective date of legislation which may well represent the wishes of the majority." *Western Devcor*, 168 Ariz. at 428–29, 814 P.2d at 769–70 (quoting *Cottonwood Development*, 134 Ariz. at 49, 653 P.2d at 697). Consequently, the Court has held that referendum proponents must comply *strictly* with constitutional and statutory provisions to ensure that the constitutional right of the referendum is not "abused or improperly expanded." *Id.; see also Cottonwood Development*, 134 Ariz. at 48–49, 653 P.2d at 696–97 (constitutional and statutory provisions relating to power of referendum must be strictly followed). With the foregoing considerations in mind, we are required to construe A.R.S. section 19–122(A) by applying a strict construction standard with respect to the issues on appeal.

## COMPUTING THE TEN–DAY PERIOD

█ Appellant argues that in the present case the ten-day period for filing a petition for special action pursuant to A.R.S. section 19–122(A) began when the referendum proponent received written notice of the reason for the Town Clerk's refusal. Appellee contends that the ten-day period started when she dated the statement of the reason for refusal.

Section 19–122(A) provides:

If the secretary of state refuses to accept and file a petition for the initiative or referendum ... he shall provide the person who submitted the petition ... with a written statement of the reason for refusal. *Within ten days after the refusal any citizen may apply to the superior court for a writ of mandamus to compel the secretary of state to file the petition.*

A.R.S. § 19–122(A) (emphasis added); *see also* A.R.S. § 19–141(A) (term "secretary of state" includes the city or town clerk).

In construing section 19–122(A), we follow the fundamental principles of statutory construction and start with a consideration of the language of the statute. *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). Because the plain language of section 19–122(A) is clear and unequivocal, we find it determinative. *See id.; Jenkins v. First Baptist Church*, 166 Ariz. 243, 245, 801 P.2d 478, 480 (Ct.App. 1990); *Walker v. City of Scottsdale*, 163 Ariz. 206, 209, 786 P.2d 1057, 1060 (Ct.App. 1989). There is nothing in the language of the statute or the legislative history that supports Appellant's argument that the ten-day period starts when the referendum *proponent* receives written notice of the reason for the Town Clerk's refusal. There is no nexus between the Town Clerk's statutory obligation to notify the referendum proponent of the reason for refusal and the right of "any citizen" to file a special action challenging the refusal. *See* A.R.S. § 19–122(A). The ten-day period in which "any citizen" may file a petition for special action seeking to compel the Town Clerk to accept and file the referendum petition is within ten calendar days after the Town Clerk refuses to accept and file the referendum petition. *See id.* We again point out that in the present case, Appellant would not have received direct personal notice of the reason for the refusal because he was not the referendum proponent. He was only one of many citizens who could file a petition for special action challenging the refusal.

Section 19–122(A) places the burden of determining whether a referendum petition has been accepted or refused on the citizens. Although the statute does not require the Town Clerk to provide public notice of refusal, a written refusal to accept a referendum petition becomes a matter of public record on the date that it is made. In the present case, it is clear that the Town Clerk's decision to refuse the referendum petition was made on January 20, 1992, and that the refusal, along with the reason for such refusal, which was reduced to a written statement, became a

matter of public record on January 20, 1992. Moreover, the legislature has specifically provided that other time periods in the referendum context run from the date of "receipt," but it has not included·this term in section 19–122(A). *See, e.g.,* A.R.S. § 19–121.02(B) (county recorder must return facsimile signature sheets within ten days after "receiving" them from the clerk); A.R.S. § 19–121.03(B) (any citizen may challenge county recorder's certification within ten days of clerk's "receipt" of it). We are bound by the legislature's decision not to expand the ten-day period provided in section 19–122(A).

The Gilbert Town Clerk refused to accept the referendum petition on January 20 and issued a written statement of the reason for refusal on that date. A reasonable method was used to ensure that the referendum proponent would receive the written statement of the reason for her refusal in a timely manner. Pursuant to the applicable statute, any citizen could challenge the refusal by filing a special action on or before January 30. Appellant filed his special action petition on January 31. Because we have determined that the computation of the ten-day period begins from the date of the Town Clerk's refusal, Appellant's complaint was untimely.

Moreover, Appellant's reliance on *Pointe Resorts, Inc. v. Culbertson,* 158 Ariz. 137, 144, 761 P.2d 1041, 1048 (1988) is misplaced. *Culbertson* held that the ten-day period to challenge the city clerk's finding that the referendum petition had insufficient signatures began to run when proponents received the certificate of insufficiency. *Id.* at 144; 761 P.2d at 1048. *Culbertson,* however, addressed A.R.S. section 19–121.03(B), which specifically included a *notice* requirement in its language.[4] Therefore, *Culbertson* does not support Appellant's contention.

### RULE 6(a)

◼ Notwithstanding what we perceive to be the clear language of the statute,

Appellant contends that Rule 6(a) of the Arizona Rules of Civil Procedure extends the ten-day period of A.R.S. section 19–122(A). Rule 6(a) provides that "when the period of time prescribed or allowed ... is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall not be included in the computation." Appellant claims that his petition for special action was timely filed because Rule 6(a) states that weekends and holidays should not have been included in the computation. Appellee contends that Rule 6(a) is inapplicable to actions brought pursuant to Title 19 of the Arizona Revised Statutes. We agree with Appellee's contention.

Although this is a question of first impression in the context of referendum measures, we consider by analogy caselaw concerning election statutes and Rule 6(a). The time elements in election statutes are to be strictly construed, and Rule 6(a) does not extend them. *Bedard v. Gonzales,* 120 Ariz. 19, 20, 583 P.2d 906, 907 (1978) (because of time required to prepare ballots, five-day limit for challenging nomination petitions means five calendar days and Rule 6(a) does not apply); *Smith v. Board of Directors, Hosp. Dist. No. 1,* 148 Ariz. 598, 598–99, 716 P.2d 55, 55–56 (Ct.App. 1985) (Rule 6(a) does not extend the five-day limitations provided in the statute contesting the election authorizing issuance of bonds by the hospital district because time elements in election statutes are to be strictly construed). Although *Bedard* and *Smith* addressed election cases under Title 16 of the Arizona Revised Statutes, we conclude that referendum statutes are sufficiently analogous to election statutes to apply the holdings of the two cited cases to section 19–122(A).

### RULE 6(e)

Appellant also argues that his petition for special action was timely because Rule 6(e) of the Arizona Rules of Civil Procedure

---

**4.** Section 19–121.03(B) provides that "any citizen may challenge ... the certification ... within ten days of the *receipt* thereof by the secre-

tary of state." A.R.S. § 19–121.03(B) (emphasis added) (addressing county recorder's certification of circulator eligibility).

provides that the time period was extended by five days when the Town Clerk sent the written statement of refusal by mail. Appellee contends that Rule 6(e) is inapplicable because the Rule applies only to civil actions, and the Town Clerk's rejection of the referendum measure is not a civil action. Because of our previously stated interpretation of the applicable statute and our stated disposition in accordance with such interpretation, we find it unnecessary to address this issue.

## CONCLUSION

We conclude that the ten-day period for filing a petition for special action pursuant to A.R.S. section 19–122(A) means ten calendar days, regardless of holidays, weekends, or method of notice. The present petition for special action was filed on the eleventh day following the Town Clerk's "written statement of the reason for refusal." The trial court correctly determined that the petition was untimely filed.

The judgment of the trial court is affirmed.

GRANT, P.J., and CLABORNE, J., concur.