28 P.3d 946

**Elliott FISHER, Plaintiff/Appellant,**

v.

**The CITY OF APACHE JUNCTION, Defendant/Appellee.**

No. 2 CA–CV 00–0173.

Court of Appeals of Arizona.
Division 2, Department B.

July 31, 2001.

Elliott Fisher, Apache Junction, In Propria Persona.

Richard Joel Stern, Apache Junction City Attorney, Apache Junction, for Appellee.

## OPINION

DRUKE, Judge.

¶1 The issue raised in this appeal is whether the trial court erred in dismissing as untimely appellant Elliott Fisher's petition for writ of mandamus in which he sought to compel the clerk of appellee City of Apache Junction to submit two petitions for referen-

dum to the Pinal County Elections Department. We conclude that the trial court erred and reverse the dismissal.

¶2 In December 1999, the City, through its mayor and council, approved by motion the Apache Junction Capital Facilities Plan 2000(CFP). In May 2000, the council authorized the City's manager to begin implementing the CFP. That same day, the council adopted Ordinance No. 1129 with an emergency clause, which increased the City's sales tax rate by two-tenths of one percent. A few days later, Fisher filed two applications to obtain referendum petition serial numbers, intending one petition to challenge the approval of the City manager's implementation of the CFP and the second to challenge the adoption of Ordinance No. 1129. Fisher requested that both matters be presented to the qualified voters of Apache Junction for ratification or rejection in the next election, scheduled to be held in May 2001. The City's clerk issued serial numbers on these petitions.

¶3 Fisher filed the circulated and signed petitions on June 16, 2000. On July 6, the clerk sent Fisher notice by first class mail that she had refused to process the petitions further because, inter alia, the first petition challenged an administrative rather than a legislative act and was not subject to referendum; neither a tax issue nor an ordinance adopted with an emergency clause, such as this one, was subject to referendum; and Fisher otherwise had not satisfied the requirements of A.R.S. Title 19, which pertains to the filing of petitions for initiative and referendum. On July 17, Fisher filed a petition for writ of mandamus in Pinal County Superior Court, seeking to compel the City's clerk to continue processing the referendum petitions and to place the issues on the next election ballot.

¶4 Section 19–122(A), A.R.S., provides, in relevant part, as follows:

If the secretary of state[1] refuses to accept and file a petition for the initiative or referendum ... which has been presented within the time prescribed, or if he refuses to transmit the facsimiles of a sig-

---

1. As the City points out, "secretary of state" includes a "city" or "town" clerk. A.R.S. § 19–141(A).

nature sheet or sheets or affidavits of circulators to the county recorders for certification under § 19–121.01, he shall provide the person who submitted the petition ... with a written statement of the reason for the refusal. Within ten calendar days after the refusal any citizen may apply to the superior court for a writ of mandamus to compel the secretary of state to file the petition ....

Fisher filed his pro se petition for writ of mandamus eleven days after the City's clerk had sent him the notice that she would not process the referendum petitions. *See Barry v. Alberty,* 173 Ariz. 387, 843 P.2d 1279 (App. 1992) (ten-day period for filing action to require secretary of state to accept and file petition for initiative or referendum begins on date secretary refuses to file petition, not date proponent receives written notice of reason for refusal). The trial court dismissed the petition on the ground that it had been untimely filed, refusing to address the merits of Fisher's challenges. Fisher's pro se appeal followed. We consider this legal issue de novo. *Barry.*

¶ 5 Fisher concedes that the tenth day after the secretary's refusal was Sunday, July 16. But he insists the petition was nevertheless timely because, as we understand his argument, there is no means for filing documents in the superior court after hours or on weekends and holidays. He seems to argue that he was deprived of the benefit of a "full day," that is, an entire twenty-four-hour period, beginning and ending at midnight, during which he could have timely filed the petition. Although Fisher appears to suggest in his opening brief that he was deprived of actual hours because of the time lost between 5:00 p.m. and midnight of each calendar day, he seems to have abandoned that argument in his reply brief. Rather, he complains that it is simply unfair that there is no "slot" or other place in which he could have deposited the petition on Saturday or Sunday or after 5:00 p.m. on Friday and that this court should take this into account in the "murky world of statute." In light of this so-called murkiness, he asks us to apply Rule 6(a), Ariz. R. Civ. P., 16 A.R. S., Pt. 1, in counting the days, which would eliminate intervening Saturdays, Sundays, and holidays.

¶ 6 In *Board of Supervisors v. Superior Court,* 103 Ariz. 502, 446 P.2d 231 (1968), our supreme court stated that time limits in the election statutes must be strictly construed. And, in *Barry,* Division One of this court held that the portion of Rule 6, Ariz. R. Civ. P., that Fisher asks us to adopt does not apply to proceedings seeking to compel the secretary of state to accept and file petitions for initiative or referendum. *See also Bedard v. Gonzales,* 120 Ariz. 19, 583 P.2d 906 (1978) (five-day limit for challenging nomination petitions means five calendar days, and Rule 6(a) does not apply); *Smith v. Board of Dir.,* 148 Ariz. 598, 716 P.2d 55 (App.1985) (Rule 6(a) does not extend five-day limitation provided in statute for contesting election authorizing issuance of bonds by hospital district; time periods in election statutes must be strictly construed). Nevertheless, we conclude that the petition was timely filed.

¶ 7 Section 1–243(A), A.R.S., provides that "the time in which an act is required to be done shall be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded." Like the case law, the statute does not exclude intervening Saturdays and Sundays. § 1–243(B). However, A.R.S. § 1–303 provides that, if the last day for performing an act falls on a holiday, "it may be performed on the next ensuing business day with effect as though performed on the appointed day." Section 1–301(A)(1), A.R.S., includes "Sunday of each week" in the list of days that are holidays. Thus, because the tenth day was a holiday, Fisher was entitled to file the petition the following Monday, as he did.

¶ 8 Although the City refers to § 1–243, it does not mention §§ 1–303 or 1–301(A)(1). And, it relies on *Board of Supervisors* to support its claim that Fisher was required to file his petition on the Friday that preceded Sunday, July 16, 2000. That case, however, is distinguishable. There, four actions were commenced in superior court against the Maricopa County Board of Supervisors and other public officials to either restrain them from placing the names of certain candidates on the official primary election ballot or to require them to include the names of certain other candidates on the ballot. The election was set for September 10, 1968. At that

time, A.R.S. § 16–1104(B) required that the official absentee or disabled voters' ballot be delivered to the county recorder "not less than thirty days prior to a primary election." Thirty days preceding the September 10 election date was Sunday, August 11, 1968.

¶ 9 Citing §§ 1–243 and 1–303, our supreme court pointed out that, "[n]ormally, when the last day to do an act falls on a Sunday[,] ... it may be performed on the next ensuing business day." *Board of Supervisors*, 103 Ariz. at 504, 446 P.2d at 233. But, the court noted, the statutes permitting this apply to statutes that prescribe " 'the time in which an act is required to be done' or when it is provided that anything is 'to be done upon a day named or within a time named.' " *Id., quoting* §§ 1–243, 1–303. As the court pointed out, however, § 16–1104(B) contained the words "not less than thirty days prior" to the election. Therefore, the court said, "[i]f we allow an additional day to deliver the ballots because the last day falls upon a Sunday, the delivery will no longer be 'thirty days prior' [to the election]." *Id.* The court concluded that, because the county "[r]ecorder's office is closed on Saturdays as well as Sundays and evenings, delivery may have to be made by 5:00 p.m., Friday, August 9, 1968." *Id.*

¶ 10 In contrast to § 16–1104(B), § 19–122(A) does provide a time limit within which an act—the filing of the petition for writ of mandamus—must be done. It is precisely the kind of time limit to which the general rule to which the supreme court referred in *Board of Supervisors* applies. Unlike the time limit there, the time here is calculated forward, beginning with the day after the City's clerk sends a notice.

¶ 11 Our decision in *Smith*, which the City cites, does not require a different result. There, the five-day period for challenging an election had ended on a Sunday, and the election contestants did not file their statement of contest until the following Tuesday. Relying on *Bedard*, we affirmed the trial court's dismissal of the statement, finding it untimely because Rule 6, Ariz. R. Civ. P., did not apply, and therefore, intervening Saturdays, Sundays, and holidays were not excluded in calculating the five-day period. We were not asked to decide whether the statement would have been timely had it been

filed on Monday, the next business day after the Sunday that was the fifth day.

¶ 12 Nor do we find helpful the holding in *Hunsaker v. Deal*, 135 Ariz. 616, 663 P.2d 608 (App.1983), which the City also cites. The question there was whether the Navajo County Board of Supervisors had complied with election statutes and had legally declared Deal the winner of an election, thereby commencing the five-day period within which the election results could be contested. But *Hunsaker* did not involve the question raised here.

¶ 13 We conclude that, because the last day Fisher could file a petition for writ of mandamus fell on a Sunday, his petition filed the following business day was timely. Although Fisher raises other issues challenging the trial court's denial of the relief he requested on substantive grounds, the trial court never addressed those claims on their merits, having only determined that the petition was untimely. Therefore, we reverse the dismissal of the petition and remand this matter to the trial court to consider the merits of Fisher's claims.

ESPINOSA, C.J. and HOWARD, P.J., concurring.