439 P.2d 840

**PHOENIX FINANCE COMPANY, an Arizona Corporation, Appellant,**

v.

**C. L. CULLEY and United States Fidelity & Guarantee Company, Appellees.**

**No. I CA–CIV 534.**

Court of Appeals of Arizona.

April 17, 1968.

Shepard M. Weinstein, Phoenix, for appellant.

Alan M. Kyman, Phoenix, for appellees.

KRUCKER, Judge.

Plaintiff brought this action against defendant Culley, a notary public, and defendant United States Fidelity and Guarantee Company, Culley's bonding company, to recover damages allegedly suffered by plaintiff when they relied on a power of attorney given by one Jesse Paulsell to Louise Paulsell, notarized by defendant Culley.

The facts admitted in the briefs are as follows. On July 22, 1964 defendant, a notary public, notarized a power of attorney to one Louise Paulsell signed by a man who told the defendant that he was Jesse Paulsell. The man was introduced to defendant by a neighboring car salesman whom

**394**

defendant apparently knew by sight, although not by name. Upon being asked to verify his identity, the man produced an application for an Arizona driver's license which contained a physical description and signature, but no picture. Louise Paulsell subsequently used the power of attorney so notarized to secure a promissory note from plaintiff. The note was defaulted, and plaintiff could find neither Mrs. Paulsell nor the individual who signed the power of attorney as Jesse Paulsell. Defendant does not concede that the person who signed the power of attorney was an impostor.

Plaintiff seeks to recover the unpaid amount of the note from defendant Culley, claiming that it relied on the authenticity of the signature notarized by him.

The case was tried to the court without a jury and without a court reporter on September 26, 1966, and on October 4, 1966 the court entered the following judgment:

   \*    \*    \*    \*    \*    \*

"The Court finds that the defendant CHARLES L. CULLEY exercised reasonable care in carrying out his duties as a Notary Public in the transaction which is the subject matter of this case and,

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff take nothing by its complaint. \* \* \*"

There are no findings of fact or conclusions of law made by the trial court. Plaintiff's position is that defendant Culley did not use proper care in determining whether the signer was in fact Jesse Paulsell. Plaintiff's brief cites no cases to support the contentions contained therein. It seems that the plaintiff's appeal is based on the ground that the verdict is not supported by the evidence introduced at trial. There was no transcript of testimony filed with the appeal. This court has recently held that if the contention is that the evidence was insufficient to support the judgment, it is incumbent upon the appellant to bring before the appellate court all the evidence admitted below. Chemi-cote Perlite

Corp. v. Harborlite Corp., 4 Ariz.App. 268, 419 P.2d 398 (1966). When it is not apparent from the record before us that the trial court had committed any error, we are compelled to assume that there was evidence sufficient to support the judgment. Chemicote, supra.

Judgment affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.