482 P.2d 478

STATE of Arizona, ex rel. J. Fred TALLEY, State Real Estate Commissioner, Appellant,

v.

Marjorie McAVOY, a widow and Carole Diane McAvoy, a minor, by Marjorie McAvoy, her Guardian ad Litem, Appellees.

No. 1 CA–CIV 1362.

Court of Appeals of Arizona, Division 1.

March 22, 1971.

**230**

Gary K. Nelson, Atty. Gen., by H. J. Lewkowitz, and James W. Woodcock, Sp. Asst Attys. Gen., Phoenix, for appellant.

Richmond, Ajamie, Fay & Warner, by Alan L. Hammond and Richard E. Fay, Phoenix, for appellees.

HATHAWAY, Judge.

This appeal is from an order of the superior court directing payment out of the real estate recovery fund as provided in A.R.S. § 32–2188. Appellant questions whether Arizona Land Corporation, defendant in the proceedings below, was acting in its capacity as a licensed real estate broker when it sold certain land purchase contracts to appellees; and a second question is raised, did appellees take all reasonable steps to collect the judgment prior to making application for payment from the real estate recovery fund.

Appellees received a brochure through the mail on or about August 1, 1964, soliciting investment in properties owned by Arizona Land Corporation. After appellees' affirmative response by postcard, they were contacted by Arizona Land Corporation's real estate salesman, Bauman, who advised appellees that Arizona Land Corporation had certain land purchase contracts for sale. After a certain amount of dealings and negotiations appellees purchased a number of the land contracts. When difficulties arose in their collections under the contracts, which were handled by Arizona Land Corporation, appellees brought suit against Arizona Land Corporation and certain of its officers and agents alleging fraud. Among the allegations of fraud, appellees charged that purchase of certain of the land contracts was fraudulently induced by representation that the contracts were current and had certain specified unpaid balances, when in truth, the contracts were delinquent and in certain instances had even been cancelled. Arizona Land Corporation, who was to act as collecting agent for appellees, diverted payment to its own use. Various other allegations of fraud and self-dealing are set forth in the complaint. Companion corporations were also joined as defendants along with the officers and salesmen. The State Real Estate Board was permitted to intervene.

Appellees obtained a default judgment against Arizona Land Corporation which had gone into bankruptcy. With the exception of Western Surety Company, which had issued a real estate broker's corporate surety bond for Arizona Land Corporation, and against whom a judgment by stipulation was entered for a portion of the damages, all other defendants were dismissed from the action on plaintiffs' motion based upon a compromise settlement and stipulation.

On the basis of the default judgment less the amount paid by Western Surety Company, an application was made to the court for an order directing payment from the real estate recovery fund. After hearing, the court entered judgment for appellees against the real estate recovery fund in the amount of $267.30 on Count One, $1,780.74 on Count Two, $10,000 on Count

Three, and $10,000 on Count Four, totaling $22,048.04. The court found that the Arizona Land Corporation was acting as a real estate broker at the time complained of and the plaintiffs were entitled to an order directing payment out of the real estate recovery fund.

In setting up the real estate recovery fund, the legislature stipulated that a fund be established,

"* * * from which any person * * aggrieved by an act, representation, transaction, or conduct of a duly licensed real estate broker * * * or real estate salesman, which is in violation of the provisions of this chapter or the regulations promulgated pursuant thereto, may recover * * * for * * damages sustained by the act, representation, transaction or conduct, * * *" A.R.S. § 32–2186, subsec. A.

Thus, the problem centers on whether the foregoing section was breached. See Arizona Real Estate Dept. v. Arizona Land Title & Trust Co., 9 Ariz.App. 54, 449 P.2d 71 (1968).

A.R.S. § 32–2101 contains the definitions applicable to the real estate act. A.R.S. § 32–2101, subsec. 1(i) which was in effect when the transactions complained of took place, provided that a broker was one who is:

"* * * (i) engaged in the business of buying, selling, exchanging, leasing or renting of real estate *on his own account* and holding himself out as a full or part time dealer in real estate."[1] (Emphasis supplied)

▮ The complaint and the discovery, revealed in the abstract of record, discloses that Arizona Land Corporation, a broker operating under a license issued to one of its officers, engaged in transactions with appellees falling within the definitions of § 32–2101, subsec. 1(i) set forth above. Appellant's position seems to be that Arizona Land Corporation was not acting in a capacity requiring its licensing as a broker, and was not acting "for another" for compensation and, therefore, the real estate recovery fund should not be required to respond for defalcations. This argument has been met and answered in State of Arizona, State Real Estate Dept. v. Griswold, 8 Ariz.App. 361, 446 P.2d 467 (1968), where the broker was dealing with his own land and we observed that A.R.S. § 32–2101, subsec. 1(i) provided:

"* * * a justifiable theory by which the trial court could have concluded that Lusk Corporation was a broker." See Footnote 1 at p. 363, 446 P.2d p. 469.

Moreover, appellant has nowhere demonstrated to us that error was committed in the trial court, and this is the burden that falls upon him if we are expected to give relief from the judgment. State v. Griswold, supra; Zuniga v. City of Tucson, 5 Ariz.App. 220, 223, 425 P.2d 122, 125 (1967); Phoenix Finance Co. v. Culley, 7 Ariz.App. 393, 439 P.2d 840 (1968).

▮ Appellant contends that appellees did not pursue all of the remedies reasonably available to them and are therefore not entitled to payment out of the real estate recovery fund. A.R.S. § 32–2188, subsec. D provides:

"Whenever the aggrieved person satisfies the court that it is not practicable to comply with one or more of the requirements enumerated in paragraphs 4, 5, 6 and 7 of subsection C of this section and that the aggrieved person has taken all reasonable steps to collect the amount of the judgment or the unsatisfied part thereof and has been unable to collect the same, the court *may in its discretion* dispense with the necessity for complying with such requirements." (Emphasis supplied)

To justify reversal of the trial court on this question, we must find that the trial court abused its discretion, since the emphasized portion of the previous section makes the matter one of discretion for the trial court. Hackin v. First Nat'l Bank of

---

1. This subsection does not appear in the 1967 amendment to the statute.

**232**

Arizona, Phx., 5 Ariz.App. 379, 427 P.2d 360 (1967). Bearing in mind the liberal construction that should be employed in dealing with problems relative to the real estate recovery fund to achieve the protection contemplated for injured parties, Arizona Real Est. Dept. v. Arizona Land Title & Trust Co., supra, we do not feel that appellees were required to await a possibly prolonged bankruptcy proceeding before proceeding against the real estate recovery fund, particularly since the real estate board through the lower court's order is subrogated to their claim. See § 32–2192, A.R.S. pocket supp.

Judgment affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.