496 P.2d 607

### REAL ESTATE BOARD of the State of Arizona, Appellant,

v.

Emidio DALESSANDRO and Clara Dalessandro, his wife, Arthur Dalessandro, also known as Arthur M. Dalessandro and Clara Dalessandro, his wife, Appellees.

No. I CA–CIV 1581.

Court of Appeals of Arizona, Division 1.

May 4, 1972.

Rehearing Denied June 5, 1972.

Review Denied July 13, 1972.

Gary K. Nelson, Atty. Gen., by James W. Woodcock, Asst. Atty. Gen., Phoenix, for appellant.

Jones, Hunter, Bartlett & Lerch, P. A., by James P. Bartlett, Phoenix, for appellees.

HATHAWAY, Judge.

The Arizona Real Estate Board has appealed from a judgment entered for payment out of the real estate recovery fund, pursuant to the provisions of A.R.S. § 32–2188 (Supp.1971–72). Two of the three questions presented for review have been withdrawn by the appellant on the basis that they have been answered in State ex rel. Talley v. McAvoy, 14 Ariz.App. 229, 482 P.2d 478 (1971). The remaining question which we must consider is whether the plaintiffs (appellees) were aggrieved parties and eligible to file against the real estate recovery fund.

Plaintiffs alleged in the trial court that they had sold certain real estate to a third party under an agreement of sale on or about March 20, 1962; that between March 19, 1963, and February 1964, the defendant real estate broker, Lee R. Frix, by various fraudulent misrepresentations and forgeries, succeeded in acquiring record title to said real estate in his own name and in mortgaging the property for $35,000. Subsequent conveyances of the properties ensued in March and April of 1965. The plaintiffs discovered the broker's fraud in March of 1965 and filed suit in April 1965, asserting fraud and misrepresentation on the part of Frix.

At a default hearing, Frix confessed judgment, and agreed that judgment be entered against him in the amount of $61,949.87, which was the amount remaining unpaid on the initial sales agreement.

Plaintiffs also quieted title to the real estate in question by default judgment and/or stipulation as to all defendants. Plaintiffs then filed a claim against the real estate recovery fund for $40,000 on the basis of the uncollectible money judgment against the Frixes and their corporation. After a hearing, the superior court directed payment of $40,000 to plaintiffs out of the recovery fund. This appeal followed.

The real estate board contends that the quiet title and damage awards were inconsistent, that plaintiff should have been put to an election, and that the quiet title award fully satisfied the judgment.

 Since the board chose not to intervene in this action we are limited to an examination of the judgment on its face and cannot examine the facts upon which the judgment is based. As stated by this court in Arizona Real Estate Dept. v. Arizona Land Title and Trust Co., 9 Ariz. App. 54, 58–59, 449 P.2d 71, 75–76 (1968):

"By particularizing the requirement that the Board be notified of the pendency of the principal action, we believe that the legislature intended, however, that the original action have some binding effect upon the Fund. Public policy favors a minimum of litigation, and it is our view that the legislature intended that the Board be precluded from questioning the amount and fact of liability of the realtor as established in the principal action after it should fail to exercise its right to intervene or after it should intervene and be unsuccessful in its attempted defense of that action. The petitioner is only required to prove that he has obtained a valid *judgment,* not that the judgment is based on valid grounds. Hence, absent jurisdictional defects, it is our view that only when the Real Estate Board intervenes in the principal action can it question the propriety of the judgment against the broker or salesman." (Original emphasis)

The default judgment entered is conclusive and res judicata on all issues which were or could have been litigated and is not subject to collateral impeachment at a subsequent time. Dairyland Insurance Co. v. Richards, 108 Ariz. 89, 492 P.2d 1196 (1972).

We find no inconsistency on the face of the judgment between the quiet title award and the award of money damages for fraud and misrepresentation. The burden rests upon appellant to establish that the judgments are inconsistent, or that the money judgment is merged in and satisfied by the quiet title judgment. The board has not met this burden and the judgment is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.