558 P.2d 714

The STATE of Arizona, Andrew Bettwy, in his capacity of State Land Commissioner, and Ernest Garfield, in his capacity of State Treasurer, Appellants,

v.

The ESTES CORPORATION, on behalf of itself and on behalf of the class composed of all others similarly situated, Appellee.

No. 2 CA–CIV 2140.

Court of Appeals of Arizona, Division 2.

Oct. 29, 1976.

Rehearing Denied Nov. 30, 1976.
Petition for Review Denied Jan. 4, 1977.

Bruce E. Babbitt, Atty. Gen. by Peter C. Gulatto, Asst. Atty. Gen., Phoenix, for appellants.

Miller, Pitt & Feldman, P. C. by Philip G. Urry, Jeffrey H. Schwartz, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

Appellees originally brought this action seeking a refund of $28,869.86 for payments they made under protest in order to obtain partial patents on land purchased from the state. At a bench trial, the court ruled that appellees were entitled to a full refund and appellants seek review.

Park Avenue Homes, Inc., appellees' predecessor in interest purchased three parcels of land from the State of Arizona at public auction on June 19, 1970. Evidence of these purchases was contained in Certificates of Purchase, Nos. 9506, 9507, and 9508, which were subsequently assigned by Park Avenue Homes, Inc., to the appellees.

Each Certificate of Purchase contained the following clause: 'This instrument is executed subject to all conditions, requirements and provisions of the Public Land Code of the State of Arizona, passed at the Second Special Session of the Second Legislature of the State of Arizona." When these certificates were issued, a purchaser could obtain a full patent on the purchased land by discharging the entire debt at one time and by complying with A.R.S. Sec. 37–241(D) which also requires a payment of six months' interest in advance.

Prior to August 13, 1971, a purchaser could obtain partial patents on purchased lands by complying with A.R.S. Sec. 37–251(B)(2) which provided:

"A patent shall not be issued for less than one fourth of the tract sold or less than forty acres, whichever shall be the lesser, except that where the original tract is forty acres or less a patent may be issued for parcels of not less than five acres each."

Before August 13, 1971, appellees, as well as their predecessors in interest, in compliance with A.R.S. Sec. 37–251, applied for and received partial patents. Appellees met the requirements of A.R.S. Sec. 37–251, in that the size of the parcels of land subject to the partial patents were within the minimum acreage provisions set forth in subsection (B)(2). No advance interest payment was required.

Effective August 13, 1971, A.R.S. Sec. 37–251 was amended and subsection (B)(2) in pertinent part was amended to read as follows:

"A patent shall not be issued for less than one fourth of the tract sold or less than ten acres, whichever shall be the lesser, except that where the original tract is forty acres or less a patent may be issued for parcels of not less than five acres each and except for rights of way the actual parcel needed therefor may be patented."

In addition, subsection (B)(3) now required that six months' advance interest be charged with respect to all partial patents issued.

Prior to the effective date of the amended statute the State Land Department never charged any purchaser of state land six months' advance interest with respect to any partial patent issued; however, subsequent to the effective date of the amended statute, appellants refused to issue any partial patents without the payment of six months' advance interest. Appellees obtained partial patents on fourteen tracts by making advance interest payments of $28,869.86 under protest and, in each instance, the advance interest applied to land subject to a Certificate of Purchase issued before the effective date of A.R.S. Sec. 37–251, as amended. Of the fourteen partial patents applied for and obtained by the appellees after the effective date of the statutory amendment, twelve partial patents were for tracts less than forty acres but more than ten acres in size. These twelve tracts contained less than the minimum number of acres required under the pre-1971 version of the statute (the partial patents were for tracts less than forty acres or one-fourth of the tract sold), but satisfied the requirements of the statute as amended in 1971.

■ Certificates of Purchase are contractual instruments prepared by the state which contain the terms and conditions upon the completion of which the state agrees to issue a patent or legal title to public land. The terms and conditions of the contract are completely statutory, and must comply with the applicable statutes. In the case at bar, the Certificates of Purchase were obtained in 1970, prior to the statutory amendments.

Appellants argue that the appellees have reaped the benefits of the new statute insofar as the minimum number of acres which are subject to a partial patent, but want to retain the cloak of protection of the former statute for purposes of determining whether an advance interest payment is due on partial patents. Appellants concede that the date of the Certificate of Purchase would be determinative of appellees' rights if appellees were seeking recovery of the interest penalty after being in full compliance with the former statute. However, appellants argue that appellees have not elected to proceed exclusively under the prior statutory provisions. Having accepted some of the benefits of the 1971 amendments, by applying for and receiving partial patents to tracts whose acreage is less than that allowed under the former statute, appellants claim the appellees are precluded from claiming that they are not liable for the six months' advance interest payment.

Appellees argue that A.R.S. Sec. 37–251, as amended, violates the contracts they made when they applied for Certificates of Purchase in 1970, because at that time no advance interest penalty was required by statute, whereas the amended statute requires a purchaser of partial patents to pay a six months' advance interest penalty. They assert that A.R.S. Sec. 37–251 as it existed in 1970, was part of the contract they made with the state, although it was not contained in the Certificates of Purchase.

■ Appellants concede that any vested rights obtained under the certificates could not be taken away by subsequent legisla-tion. Thus, the determinative issue in this case is whether appellees acquired a vested right when the certificates were issued to have a subsequent patent issued pursuant to A.R.S. Sec. 37–251 as it existed prior to its amendment. The rights acquired are set forth in A.R.S. Sec. 37–245(A):

"The certificate of purchase shall entitle the purchaser and his heirs, or in the case of an assignment filed with and approved by the department, the assigns of the purchaser, to possession of the lands therein described, to maintain actions for injuries thereto or to recover possession thereof, unless the certificate has become void by forfeiture."

■ The certificate also gives the holder equitable title to the land, see *Russ & Company v. Critchton*, 117 Cal. 695, 49 P. 1043 (1897), and upon payment of the entire purchase price, he is entitled to a patent. But, as for patents on less than the whole amount, it was not mandatory upon the state to issue a patent upon an application either under A.R.S. Sec. 37–251(B) prior to, or after amendment. That section stated prior to 1971 and now states:

"Upon application by the purchaser a patent for less than the entire tract *may* be issued to the purchaser *if the state land commissioner finds that it is for the best interest of the state* . . . ." (Emphasis added)

■ The appellees had no vested or accrued right to have a patent on less than the entire tract. Rights are not vested if they are qualified by contingencies. *Adelman v. Adelman*, 58 Misc.2d 803, 296 N.Y. S.2d 999 (1969). A "vested right is one which is absolute, complete, and unconditional to the exercise of which no obstacle exists, and which is immediate and perfect in itself not dependent upon a contingency." *Hutton v. Autoridad Sobre Hogares de la Capital*, 78 F.Supp. 988 (D.C.Puerto Rico 1948). A "vested right" is an immediate fixed right to present or future enjoyment where the interest does not depend upon a period or an event that is uncertain. *Steinfeld v. Nielsen*, 15 Ariz. 424, 139 P. 879 (1914).

The statute was amended prior to appellees' application for the partial patents. Since appellees had no vested rights in receiving a patent for less than the entire tract, the amendment effectively precluded them from proceeding under the old statute.

Reversed with directions to enter judgment in favor of appellants.

HOWARD, C. J., and KRUCKER, J., concur.