704 P.2d 1367

**William T. HARRISON,**
**Plaintiff/Appellant,**

**v.**

**James K. ELLIS, dba Jim Ellis Designer-Builder, Defendant/Appellee,**

**State of Arizona Registrar of Contractors, Intervenor Defendant/Appellee.**

**No. 2 CA–CIV 5356.**

Court of Appeals of Arizona, Division 2, Department A.

Aug. 1, 1985.

Waterfall, Economidis, Caldwell & Hanshaw, P.C. by Steven M. Cox, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Montgomery Lee, Phoenix, for intervenor defendant/appellee.

## OPINION

BIRDSALL, Presiding Judge.

This appeal is from an order of the trial court denying William Harrison an amount from the Contractors' Recovery Fund, an entity created by statute, A.R.S. §§ 32–1131 through 1140 (Supp.Pamph.1984). The facts concerning the complaint are straightforward; Harrison contracted with James Ellis, doing business as Jim Ellis Designer-Builder, for the construction of a home for Harrison. Difficulties in Ellis's performance on the contract became manifest, and at a time when Harrison had completely performed on the contract by paying the full price for the home, Harrison filed a complaint with the Registrar of Contractors, sending that office and Ellis a letter detailing his problems with the home and the things he wished completed or repaired by Ellis. Approximately two months later, on August 1, 1983, Ellis wrote in answer to the letter, completely repudiating the contract by stating his insolvency and his decision to do no more on the home. Eighteen days after the letter, on August 19, 1983, Harrison sued in superior court alleging breach of contract for failure to perform according to the contract, notifying the Recovery Fund of his complaint, as required by A.R.S. § 32–1136(A). Four days after the suit was filed, Ellis and his wife initiated personal bankruptcy proceedings.

Harrison's motion to lift stays in the bankruptcy proceeding was granted by order in January 1984, permitting him to move for summary judgment on the contract complaint. Ellis's liability having been acknowledged by proceedings before the Registrar of Contractors, summary judgment was granted April 20, 1984, in the amount of $19,704.00, and costs. On June 18, Harrison filed for an order directing payment from the Recovery Fund of that amount representing the difference between his recovery from Ellis's performance bonds, $9,814.49, and the statutory limit on recovery from the fund, $15,000, a difference of $5,185.51. The order denying recovery from the fund is the basis of this appeal. We reverse.

At issue is the interpretation to be given to the effective date of the statutory

amendment promulgated by the 1983 legislature which raised from $5,000 to $15,000 the amount an injured party could receive as a result of an act, representation, transaction, or conduct of a contractor in violation of the statutory chapter on contractors or of any regulations promulgated pursuant to the chapter.

The Recovery Fund as enacted in 1981 had a ceiling of $5,000 recovery per claimant and $10,000 per contractor. The 1983 legislature raised the recovery amounts to $15,000 per claimant and $75,000 per contractor. Laws 1983, Ch. 149, §§ 1–3. The 1983 amendments became effective July 27, 1983. The trial judge recited in the judgment that he was of the opinion that the amendment increasing the amount to $15,-000 could not be applied retroactively to include judgments that were obtained for claims arising prior to the amendment. The trial court found "upon perusal of the complaint" that it was clear that the claim arose prior to the effective date of the amendment. Although it is far from clear to us that the breach of contract occurred prior to July 27, 1983, we find it unnecessary to determine with certainty when the breach did occur because it was after July 1, 1981, and the complaint was filed well within two years from the accrual of the action. The controlling statute itself contains these provisions.

■■■ Both before and after the amendment, except for the increase from $5,000 to $15,000, A.R.S. § 32–1136 provided:

"A. An action for a judgment which may subsequently result in an order for collection from the fund shall not be commenced later than two years from the accrual of the cause of action. When any injured person commences action for a judgment which may result in collection from the fund, the injured person shall notify the registrar in writing to this effect at the time of the commencement of the action. The registrar may at any time intervene in and defend any such action.

B. When any injured person recovers a valid judgment against any contractor for such act, representation, transaction

or conduct which is in violation of this chapter or the regulations promulgated pursuant to this chapter, *which occurred on or after July 1, 1981*, the injured person may on ten days' written notice to the registrar apply to the court for an order directing payment out of the fund, of the amount unpaid on the judgment, subject to the limitations stated in this article.

C. The court shall proceed on an application in a summary manner and, on the hearing, the injured person is required to show that he:

1. Is not a spouse of the debtor, or the personal representative of such spouse.

2. Has given notice as required by subsection A.

3. Has obtained a judgment which has become final, as provided in subsection B, stating the amount and the amount owing at the date of the application.

4. Has proceeded against any existing bond covering the contractor and has not collected upon such bond an amount of fifteen thousand dollars or more.

5. Is not aware of any personal or real property or other assets of the debtor which can be applied in satisfaction of the judgment.

D. The court shall make an order directed to the registrar requiring payment from the fund of whatever sum it finds to be payable on the claim, in accordance with this section, if the court is satisfied on the hearing of the truth of all matters required to be shown by the injured person by subsection C and that the injured person has fully pursued and exhausted all remedies available to him for recovering the amount awarded by the judgment of the court.... If the injured person has recovered a portion of his loss from sources other than the fund in an amount of fifteen thousand dollars or less, the court shall deduct the amount recovered from other sources from the amount payable upon the claim and direct the difference to be paid from the fund.

E. On receipt of a certified copy of the order specified in subsection D, the

registrar may authorize payment from the contractors' recovery fund even if an appeal has been instituted but not completed."

(Emphasis supplied)

Thus, to the extent that the fund was liable up to $15,000 for judgments entered after July 27, 1983, arising out of acts, representations, transactions, or conduct occurring after July 1, 1981, but before the effective date of the amendment, the amended statute may be said to have provided for retroactive application.[1] We do not believe this was accidental and instead believe it was the intent of the legislature. Laws 1981, Ch. 221, § 1 stated the purpose of this new legislation, and with specific reference to the fund, said:

> "It is the further purpose of the legislature to provide improved protection for owners and lessees of property who contract for the construction or alteration of residential structures by establishing the contractors' recovery fund and the contractors' recovery fund board."

In looking at this stated purpose, we apply the cardinal rule of statutory construction, consideration of the overall purposes and aims of the legislature in order to glean the legislative intent. See *Cohen v. State*, 121 Ariz. 6, 588 P.2d 299 (1978).

Further indication of a legislative intent to protect owners and lessees of property under construction is found in a 1984 amendment to A.R.S. § 32–1136(D), which added the following sentence: "The recovery limits established under this article apply to all judgments awarded after August 1, 1984." This subsequent legislation makes it abidingly clear that the increased limits are applicable to judgments arising out of prior acts.[2]

If we were to affirm the trial court, it would lead to an illogical and inequitable result. As a result of the 1984 amendment, fund claimants whose judgments were entered after August 1, 1984, would be entitled to recover up to $15,000, even though the acts giving rise to their cause of action arose prior to July 27, 1983. Fund claimants whose judgments were entered prior to August 1, 1984, would be limited to $5,000, even though the acts complained of occurred during the same time frame. We do not believe the legislature intended such a result.

The 1984 amendment was enacted less than a year following the increase from $5,000 to $15,000 in recovery limits. Subsequent legislation occurring shortly after the original version is a strong indication of legislative intent. *State v. Barnett*, 142 Ariz. 592, 691 P.2d 683 (1984).

We reverse and remand. The trial court is directed to enter judgment ordering the amount of $5,185.51 to be paid to the appellant from the Contractor's Recovery Fund.

HOWARD and FERNANDEZ, JJ., concur.

---

1. Actually we do not believe this is a retroactive application of the amended statute because it is the judgment itself which determines the liability of the fund. The increased protection is available only to augment judgments obtained after July 27, 1983. If the appellant was seeking to augment a judgment entered prior to July 27, 1983, that would fail because it would be a retroactive application of the statute. See *Clark v. Cassidy*, 64 Hawaii, 74, 636 P.2d 1344 (1981). In the instant case, not only was the judgment entered after the effective date of the amendment, the complaint was not even filed until after that date.

   The result we reach is further supported by the well established legal principle that a statute is not retroactive simply because it may relate to antecedent facts. *Tower Plaza Investments, Ltd. v. Dewitt*, 109 Ariz. 248, 508 P.2d 324 (1973), appeal dismissed, 414 U.S. 1118 (1974). And see *Cohen v. State*, supra.

2. The 1984 amendment may well have been in response to Attorney General Opinion No. I83–120 (R83–091), dated October 26, 1983, holding that the increased limits provided in the 1983 legislation may be applied only prospectively to those judgments whose causes of action arise on or after July 27, 1983. See *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 667 P.2d 1304 (1983) (legislative amendment of consumer fraud act following court decision interpreting the act).