In re Charles ARMSTRONG, Debtor,

Charles ARMSTRONG, Helen Armstrong, Petitioners–Appellees,

v.

DEPARTMENT OF REAL ESTATE, STATE OF CALIFORNIA, Respondent–Appellant.

No. 87–5613.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1987.

Decided Feb. 18, 1988.

Elliot Lisnek, Los Angeles, Cal., for petitioners-appellees.

Diane Spencer Shaw, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellant.

Before ALARCON, NELSON and REINHARDT, Circuit Judges.

ALARCON, Circuit Judge:

## I.

Defendant–Appellant Department of Real Estate, State of California (Department) appeals from the district court's order granting plaintiff-appellee Charles Armstrong (Armstrong) $20,000 from California's "Real Estate Recovery Fund" (the Fund). This is an adversarial proceeding in bankruptcy in which the substantive law of California applies. We reverse.

## II.

Armstrong brought this action for fraud in the district court against Flynn Realty, Inc. ("Flynn"), a debtor in Chapter 11, and several individuals (some of whom were Flynn employees) contending they made misrepresentations which induced him into making an unprofitable investment in real estate. Soon thereafter, the parties reached settlement; Armstrong dismissed the action against the individual defendants in exchange for Flynn's agreement to stipulate to a judgment for Armstrong with damages in the amount of $100,000.

Thereafter, Armstrong joined the Department in this matter as a defendant. He also requested that the district court order, pursuant to Cal.Bus. & Prof.Code § 10471 (West 1987), that the Department pay the damages resulting from Flynn's conduct from the Fund. The Fund pro-

vides recovery of unpaid judgments against real estate licensees for "fraud, misrepresentation, deceit, or conversion of trust funds." Cal.Bus. & Prof.Code § 10471. The Department opposed Armstrong's petition and requested an evidentiary hearing in which to litigate the issue whether Flynn was guilty of fraud. The district court responded to the Department's request for an evidentiary hearing with a form notice indicating that it does not consider oral argument on motions to be helpful. The court denied Armstrong's petition holding that he failed to properly allege fraud on the part of Flynn.

Armstrong filed a second petition with more detailed allegations of fraud. The Department again opposed the petition and again requested an evidentiary hearing. The district court sent the Department another copy of its form notice indicating that it does not consider oral argument helpful. The court granted Armstrong's petition and ordered that the Department pay Armstrong $20,000 from the Fund.

### III.

The Department contends the district court misapplied Cal.Bus. & Prof.Code § 10473 when it ordered payment from the Fund without granting the Department's request for an evidentiary hearing. The question whether the district court correctly interpreted section 10473 is an issue of law which this court reviews *de novo. In re Thomas,* 765 F.2d 926, 930 (9th Cir. 1985); *see Turner v. McMahon,* 830 F.2d 1003, 1006 (9th Cir.1987) ("[t]he district court's construction of a statute is subject to *de novo* review").

### IV.

The Fund was created by the California legislature "to compensate members of the public who are defrauded by real estate licensees." *Stout v. Edmonds,* 180 Cal. App.3d 66, 69, 225 Cal.Rptr. 345 (1986); *see Vinci v. Edmonds,* 185 Cal.App.3d 1251, 1254, 230 Cal.Rptr. 308 (1986); *Lorenz v. Sauer,* 807 F.2d 1509, 1511 (9th Cir.1987). "The statute [creating the Fund] provides for recovery ... of unpaid judgments against a licensee for actual or constructive fraud and conversion of trust funds 'arising directly out of any transaction when the judgment debtor was licensed and performed acts for which a license is required.' " *Stout,* 180 Cal.App.3d at 69, 225 Cal.Rptr. 345 (*quoting Froid v. Fox,* 132 Cal.App.3d 832, 836, 183 Cal.Rptr. 461 (1982)).

As "[t]he right to recover from the fund is statutorily created, ... a plaintiff seeking recovery has the burden of showing compliance with the statute." *Stout,* 180 Cal.App.3d at 69, 225 Cal.Rptr. 345; *see Gray v. Fox,* 151 Cal.App.3d 482, 486, 198 Cal.Rptr. 720 (1984). "Although the ... statute must be liberally construed, courts may not disregard [its] explicit provisions...." *Stout,* 180 Cal.App.3d at 69, 225 Cal.Rptr. 345, (citation omitted); *see Gray,* 151 Cal.App.3d at 486, 198 Cal.Rptr. 720.

Under the statute, a plaintiff must first obtain a judgment against the offending licensee for "fraud, misrepresentation, deceit, or conversion of trust funds." Cal. Bus. & Prof.Code § 10471. Thereafter, the plaintiff may "file ... [an] application in the court in which judgment was entered ... for an Order Directing Payment Out of the Recovery Account." *Id.* at § 10472.

"[T]o protect the fund against collusive or other such unjust claims," *Deas v. Knapp,* 129 Cal.App.3d 443, 447, 181 Cal. Rptr. 76 (1982), "the Legislature contemplated a full evidentiary hearing on [the] application for recovery against the Fund." *Buccella v. Mayo,* 102 Cal.App.3d 315, 326, 162 Cal.Rptr. 369 (1980). At that evidentiary hearing, the Department has the right to "free[ly] ... contest the merits of the findings ... on which the judgment is based." *Deas v. Knapp,* 29 Cal.3d 69, 78, 623 P.2d 775, 171 Cal.Rptr. 823 (1981). Bus. & Prof. Code section 10473 specifically provides:

Whenever the court proceeds upon an application ... it shall order payment out of the Recovery Account only upon a determination that the aggrieved party has a valid cause of action....

The commissioner [of the real estate department] may defend any such action

on behalf of the Recovery Account and shall have recourse to all appropriate means of defense and review, including examination of witnesses and *the right to relitigate any issues material and relevant in the proceeding against the Recovery Account which were determined in the underlying action on which the judgment in favor of the applicant was based.*

(Emphasis added).

The legislature appears to have determined that an evidentiary hearing is particularly appropriate where the judgment against the licensee was obtained by stipulation. Section 10473 provides:

> If the judgment in favor of the applicant was by ... stipulation ... the applicant shall have the burden of proving that the cause of action against the licensee was for fraud, misrepresentation, deceit, or conversion of trust funds. Otherwise, the judgment shall create a rebuttable presumption ... which ... shall affect the burden of producing evidence.

A court's failure to accord the Department an evidentiary hearing in which to litigate the issue of the licensee's fraud is reversible error. *Buccella,* 102 Cal.App.3d at 326, 162 Cal.Rptr. 369.

### V.

It is clear the district court committed reversible error in failing to allow the Department an evidentiary hearing. Section 10473 specifically provides the Department has the right to litigate all issues presented in the underlying lawsuit against the licensee. The district court denied to the Department the "full evidentiary hearing" required prior to granting an application for a recovery from the Fund. *See id.*

We REVERSE the judgment and REMAND for a full evidentiary hearing including the examination of witnesses in the presence of the trial judge on the question whether Armstrong is entitled to recovery from the Fund.