780 P.2d 450

**George WILSON and Connie Wilson, husband and wife, Plaintiffs/Appellees,**

v.

**ARIZONA REGISTRAR OF CONTRACTORS, Intervenor/Appellant.**

**No. 2 CA–CV 88–0255.**

Court of Appeals of Arizona, Division 2, Department B.

May 11, 1989.

Reconsideration Denied June 22, 1989.

Review Denied Oct. 24, 1989.*

---

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determi-

Bury, Moeller, Humphrey & O'Meara by Gerard R. O'Meara, Tucson, for plaintiffs/appellees.

Robert K. Corbin, Atty. Gen. by Gregory Y. Harris and Montgomery Lee, Phoenix, for intervenor/appellant.

## OPINION

FERNANDEZ, Judge.

The question we must determine in this appeal is the applicability of a statutory amendment that limited a claimant's right to receive attorney's fees from the contractors' recovery fund. Appellant, the Registrar of Contractors, contends that the trial court erroneously awarded attorney's fees to appellees George and Connie Wilson. We agree and reverse.

The Wilsons contracted with Jonathan Berg, doing business as Bella Vista Builders, for the construction of a house. In February 1986, they discovered problems with the house and filed suit for breach of

nation of this matter.

contract in July 1986. In April 1987, the Wilsons filed an amended complaint, changing only the amount of damages sought. The Bergs filed an answer in May 1987. On December 31, 1987, the parties stipulated to dismiss the suit without prejudice. They also stipulated that the Wilsons could file an amended complaint within 15 days. The order of dismissal was filed on January 8, 1988.

On January 11, 1988, the Wilsons filed a pleading entitled "Second Amended Complaint." In addition to a more detailed allegation of the breaches of contract, the complaint alleged that the Bergs had been adjudicated bankrupt, that the bankruptcy court had lifted the automatic stay to permit the Wilsons to maintain the action "solely to obtain a judgment against these Defendants which the Plaintiffs must in turn collect solely from the Arizona Contractors' Recovery Fund." On the same day, the Wilsons gave notice for the first time to the Registrar, pursuant to A.R.S. § 32–1136, that they had filed a "Complaint" which would result in a judgment that might be collected from the recovery fund.

The Bergs were served, and their default was entered February 10, 1988. On March 3, a default judgment was entered, and the Wilsons then filed an application for an order directing payment of the judgment from the recovery fund. The Registrar intervened in the suit and objected only to the inclusion of attorney's fees in the order for payment. The trial court awarded fees, and this appeal followed.

The contractors' recovery fund was created in 1981. The section at issue here, A.R.S. § 32–1132, originally provided that "[a]n award from the fund is limited to the actual damages suffered by the claimant, including reasonable attorney fees...." 1981 Ariz.Sess.Laws, ch. 221, § 18. In 1986, the section was amended to provide for payment of "reasonable attorney fees which shall not exceed twenty-five per cent

of the damages awarded to the claimant...." 1986 Ariz.Sess.Laws, ch. 257, § 6. In 1987, the statute was amended once again. It currently provides in part as follows:

> An award from the fund is limited to the actual damages suffered by the claimant as a direct result of the contractor's violation but shall not exceed an amount necessary to complete or repair a residential structure or appurtenance within residential property lines.... Notwithstanding any other provision of law, monies in the contractors' recovery fund shall not be directly awarded for attorneys' fees or costs except in contested cases appealed to the superior court.[1]

A.R.S. § 32–1132. The current version became effective August 18, 1987.

The Registrar argues that the Wilsons are not entitled to an award of attorney's fees, contending that the current version applies to their claim because judgment was entered after the effective date of the amendment. The legal basis of that argument is this court's holding in *Harrison v. Ellis*, 146 Ariz. 222, 704 P.2d 1367 (App. 1985). In that case, which also involved a section of the statutes pertaining to contractors, we held that the amendment that increased the amount of damages a claimant could recover from the fund applied to a suit in which judgment was entered after the effective date of the amendment even though the facts of the claim occurred before. We found that the legislative intent of the statutes creating the recovery fund was to protect owners and lessees of property under construction and that subsequent legislation made it clear that "the increased limits [we]re applicable to *judgments* arising out of prior acts." 146 Ariz. at 225, 704 P.2d at 1370 (emphasis added).

The Wilsons, on the other hand, argue that *Harrison* is distinguishable, contending that the statutory amendment in that case augmented a claimant's rights to recover from the fund, whereas the amendment in this case "takes away a substan-

---

1. In cases in which the contractor's license has been suspended or revoked and the contractor does not comply with an order of the Registrar to remedy a violation, the Registrar may order payment from the recovery fund, and the injured person may appeal that order to superior court. A.R.S. § 32–1154(F).

tive right which the citizens of this state enjoyed under the previous legislation." We agree that the right to receive an award of attorney's fees is a substantive right. *Abrams v. Horizon Corp.*, 137 Ariz. 73, 669 P.2d 51 (1983); *Bouldin v. Turek*, 125 Ariz. 77, 607 P.2d 954 (1979). That conclusion does not, however, resolve the issue.

The Wilsons note that the supreme court has held that a right vests at the time "it is actually assertable as a legal cause of action. . . ." *Hall v. A.N.R. Freight System, Inc.*, 149 Ariz. 130, 140, 717 P.2d 434, 444 (1986). As a result, they argue that their rights vested at the time Berg breached the contract, which was prior to the effective date of the amendment in question. That argument confuses the rights in question. There is no question that their right to sue Berg was legally assertable at the time he breached the contract; it thus became vested at that time. Their right to receive payment from the recovery fund, however, is a different right and one governed by statute.

A.R.S. § 32–1136(B) provides in part as follows:

> When any injured person *recovers a valid judgment* against any residential contractor for such act, representation, transaction or conduct which is in violation of this chapter or the regulations promulgated pursuant to this chapter, which occurred on or after July 1, 1981, the injured person may on twenty days' written notice to the registrar apply to the court for an order directing payment out of the fund. . . .

(Emphasis added.) The statute expressly requires the entry of a judgment against the contractor before the injured person can even apply for payment from the recovery fund, much less actually receive payment. Therefore, the pertinent date for recovery of any payment from the fund, whether damages or attorney's fees, is the date the judgment was entered against the contractor.

Because the judgment against Berg was entered after the effective date of the statutory amendment that limited recovery of attorney's fees to cases appealed to superior court, the Wilsons were not entitled to recover attorney's fees from the contractors' fund.

That portion of the trial court's judgment awarding attorney's fees and costs is reversed.

ROLL, P.J., and LACAGNINA, C.J., concur.