793 P.2d 1141

**Patrick R. CHAFFIN and Virginia L. Chaffin, husband and wife, Plaintiffs–Appellees,**

v.

**COMMISSIONER OF the ARIZONA DEPARTMENT OF REAL ESTATE, Defendant–Appellant.**

**No. 1 CA–CV 89–099.**

Court of Appeals of Arizona, Division 1.

June 5, 1990.

Walraven & Roberts by Jerry Carver, Prescott, for plaintiffs-appellees.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Chief Counsel, Financial Fraud Div., Susan B. Lagerman, Asst. Atty. Gen., Phoenix, for appellants Commissioner Joe Sotelo and Arizona State Real Estate Dept.

## OPINION

EUBANK, Presiding Judge.

This is an appeal from a judgment ordering the Commissioner of the Arizona State Real Estate Department (Commissioner), as fiduciary of the Real Estate Recovery Fund (Fund), to pay a certain sum of money from the Fund to Patrick Chaffin and Virginia Chaffin.

## FACTS

Arizona real estate licensees Kenneth and Bonnie Thompson acted as agents and brokers in the sale of a parcel of real property from George and Delfina Leon to Patrick and Virginia Chaffin in 1978. The Chaffins paid $7,000.00 for the parcel. Kenneth Thompson died in 1980 and a personal representative for his estate was appointed in 1984.

Based upon alleged misrepresentations made by both of the Thompsons or by Kenneth Thompson individually, the Chaffins sued the Thompsons and the Leons in 1982 for rescission and/or damages resulting from the sale. The Chaffins' counsel notified the Commissioner of that lawsuit by letter dated August 30, 1982. Thereafter, the Chaffins stipulated to dismiss the Leons from the action with prejudice. In 1985, the Chaffins, Bonnie Thompson and Kenneth Thompson's personal representative entered into a stipulated judgment dismissing Bonnie Thompson from the action with prejudice and holding the estate of Kenneth Thompson liable to the Chaffins for $7,000.00 plus interest. The judgment was filed on September 27, 1985.

Based upon the stipulated judgment against Kenneth Thompson's estate, in 1988 the Chaffins filed an application with the court for payment from the Fund pursuant to A.R.S. § 32–2188. The Commissioner opposed the application because of the Chaffins' failure to satisfy the requirements of A.R.S. § 32–2188(C), and notified the court of its right to relitigate material issues pursuant to A.R.S. § 32–2188(E). The Chaffins filed a reply with supporting affidavits in an effort to satisfy the prerequisites contained in A.R.S. § 32–2188(C).

Without holding an evidentiary hearing, the trial court granted the Chaffins' application and ordered the Commissioner to pay them $7,000.00 plus interest, and attorney's fees in the amount of $2,716.26 from the Fund. The Commissioner filed a motion to reconsider, which was denied after telephonic oral argument.

The Commissioner argues that the trial court erred in failing to hold an evidentiary hearing on the Chaffins' application for recovery from the Fund. We agree and therefore we reverse.

## DISCUSSION

The interpretation of an Arizona statute, such as A.R.S. § 32–2188, involves the resolution of legal rather than factual issues. *Arizona State Board of Accountancy v. Keebler*, 115 Ariz. 239, 564 P.2d 928 (App.1977); *Arnold v. Arizona Department of Health Services*, 160 Ariz. 593, 775 P.2d 521 (1989). As such we conduct our review *de novo*, and we are not bound by the trial court's conclusions of law. *Id.* See also *In re Armstrong*, 840 F.2d 651 (9th Cir.1988).

A.R.S. § 32–2188 must be construed liberally, as it was intended by the legislature, to provide a means for the supervision and regulation of the real estate

business and is therefore remedial in character. *Arizona Real Estate Department v. Arizona Land Title and Trust Co.,* 9 Ariz.App. 54, 449 P.2d 71 (1968). We must not, however, disregard the explicit provisions of remedial statutes such as A.R.S. § 32–2188 in the interest of liberal construction. *In re Armstrong, supra.*

## APPLICATION OF A.R.S. § 32–2188

A.R.S. § 32–2186 authorizes and directs the Commissioner to establish the Fund, from which persons aggrieved by acts, representations, transactions or conduct of licensed brokers or salesmen which violate Arizona real estate licensure laws or regulations, may recover their actual damages plus reasonable attorneys' fees up to $15,000.00.

A.R.S. § 32–2188, as amended in 1986 [1], provides the procedure for recovery from the Fund. Specifically, after recovering a judgment against a broker or salesman for acts in violation of the Arizona real estate licensure laws or regulations, the aggrieved party must file a verified claim with the court in which the judgment was obtained, seeking an order directing payment from the Fund. A.R.S. § 32–2188(B). The aggrieved person must provide written notice to the Commissioner as well as to the judgment debtor of the application for payment from the Fund.[2] A.R.S. § 32–2188(B).

The Commissioner and the judgment debtor have thirty-five days to file written responses after service of the application. A.R.S. § 32–2188(B). After such time, "[t]he court shall ... set the matter for hearing on petition of the applicant." A.R.S. § 32–2188(B).

According to A.R.S. § 32–2188(C), the court shall proceed on the application in a "summary manner." This phrase has been interpreted by the Arizona courts to mean that the court must proceed on the application without delay or formality and

in a short, concise and immediate proceeding. *Arizona Real Estate Department v. Arizona Land Title and Trust Co.,* 9 Ariz. App. 54, 58, 449 P.2d 71, 75 (1968). No diminution of rights is intended by such language, only expedition of the process. *Id.*

Subsection C of A.R.S. § 32–2188 provides that, "upon the hearing" of the application, the aggrieved person is required to show that he or she:

1. is not the spouse of the judgment debtor or the personal representative of such spouse;

2. has complied with all requirements of A.R.S. § 32–2188 (the notice requirement of subsection A may be waived by the Commissioner);

3. has obtained a judgment against the judgment debtor for acts committed in violation of the laws or regulations governing his/her conduct as a Real Estate Department licensee and that all bonding companies which issued surety bonds to the judgment debtor and all other necessary parties were joined as parties in that action;

4. has obtained an unsatisfied writ of execution;

5. has conducted a judgment debtor examination; and

6. has made all reasonable searches and inquiries in an effort to satisfy the judgment from the judgment debtor's property, to no avail.

The court may waive the requirements regarding efforts to satisfy the judgment from the debtor's property if the aggrieved person satisfies the court that it is not practicable to comply. A.R.S. § 32–2188(D).

Prior to the 1986 amendment of A.R.S. § 32–2188(E), if the Commissioner did not intervene in the underlying action against the licensee, the Commissioner was

---

1. A.R.S. § 32–2188 was rewritten by amendment in 1989, but in this appeal we are called upon to interpret that statute only as it existed from 1985–1988.

2. The judgment debtor is an important party because if application for the payment from the

Fund is granted in any amount, the judgment debtor's real estate broker's license is automatically revoked and is not reinstated until the Fund has received repayment in full, plus interest at the rate of six percent per year. A.R.S. § 32–2188(F).

precluded from questioning the amount and fact of licensee liability in an action for payment from the Fund. *Arizona Real Estate Department v. Arizona Title and Trust Co.,* 9 Ariz.App. 54, 449 P.2d 71 (1968); *Real Estate Board v. Dalessandro,* 17 Ariz.App. 181, 496 P.2d 607 (1972). An aggrieved party seeking recovery from the Fund was only required to prove a valid judgment against the licensee for certain conduct in violation of Arizona laws and regulations, and was not required to prove the underlying claim in order to recover. *Id.*

The Commissioner's role in proceedings against the Fund was greatly broadened by the 1986 amendment to A.R.S. § 32–2188(E). The 1986 amendment added the following language to A.R.S. § 32–2188(E):

> The commissioner may defend any such action on behalf of the real estate recovery fund and has recourse to all appropriate means of defense and review, including the examination of witnesses and the right to relitigate any material and relevant issues in the proceedings against the real estate recovery fund which were determined in the underlying action on which the judgment in favor of the applicant was based. If the judgment in favor of the applicant was by default, stipulation, or consent, ... the applicant has the burden of proving that the cause of action against the licensee was for a violation of the provisions of this chapter or the rules promulgated pursuant to this chapter.... The commissioner is not bound by any prior compromise stipulation of the judgment debtor.

■ It is evident from A.R.S. § 32–2188(E), as amended, that it is no longer necessary for the Commissioner to intervene in the underlying lawsuit in order to challenge issues material to recovery from the Fund. The Commissioner now has the right to relitigate any relevant and material issues in order to adequately protect the Fund, regardless of the Commissioner's involvement in the underlying lawsuit. The underlying judgment is still *res judicata* as between the applicant and the

licensee however, as subsection E also specifically provides that relitigation of such issues does not affect the conclusiveness of the judgment against those parties.

The Chaffins contend that their application to the Fund should be governed by Arizona law as it existed prior to the 1986 amendment of A.R.S. § 32–2188. As the Commissioner did not intervene in the underlying action in this case, the Chaffins argue that under prior Arizona law, the Commissioner cannot now challenge the fact of licensee liability or the amount in the Chaffins' action against the Fund. The Chaffins base this argument on the fact that they obtained their judgment against Thompson in September 1985, and A.R.S. § 32–2188 was not amended to broaden the Commissioner's right to defend the Fund until 1986. This argument is in error.

■ It is true that a statutory amendment cannot be retroactively applied to defeat a vested right. *State v. Levasseur,* 118 Ariz. 597, 578 P.2d 1026 (App.1978). The Chaffins argue that because their right to recover against the Fund was "vested" with their 1985 judgment, the Commissioner may not use his broadened powers as stated in the 1986 amended version of A.R.S. § 32–2188 to defeat their recovery from the Fund.

■ A vested right as used in this context has been specifically defined in Arizona law. In *State v. Estes Corp.,* 27 Ariz.App. 686, 688, 558 P.2d 714, 716 (1976), division two of our court defined a vested right as:

> '[O]ne which is absolute, complete, and unconditional to the exercise of which no obstacle exists, and which is immediate and perfect in itself not dependent upon a contingency.' *Hutton v. Autoridad Sobre Hogares de la Capital,* 78 F.Supp. 988 (D.C. Puerto Rico 1948). A 'vested right' is an immediate fixed right to present or future enjoyment where the interest does not depend upon a period or an event that is uncertain. (Citations omitted).

*See Steinfeld v. Nielsen,* 15 Ariz. 424, 465, 139 P. 879, 896 (1914). Using this definition, we hold that the Chaffins did not

obtain a vested right to recover from the Fund when the 1985 judgment was entered.

When they obtained their stipulated judgment against Kenneth Thompson in 1985, the Chaffins' recovery from the Fund was contingent upon the filing of an application with the court in which they had obtained that judgment, and upon a sufficient showing of the prerequisites of recovery contained in A.R.S. § 32–2188(C). Thus, recovery from the Fund pursuant to A.R.S. § 32–2188, even as it existed prior to its amendment in 1986, was not automatic when the applicants obtained the underlying judgment. Without a vested right to recover from the Fund, the 1986 amendment to A.R.S. § 32–2188, which expanded the Commissioner's right to defend the Fund, can be applied to the Chaffins' 1988 application for recovery.

Following briefing, appellees filed as a supplemental citation *Wilson v. Arizona Registrar of Contractors*, 161 Ariz. 617, 780 P.2d 450 (App.1989) in support of their argument that they had a vested right in the Fund when their judgment was filed. *Wilson* involved an interpretation of A.R.S. § 32–1136(B) of the Contractor's Recovery Fund as it related to the effective date of an amendment which limited the payment of attorney's fees from the Fund. The court (division two) held:

> The statute [A.R.S. § 32–1136(B)] expressly requires the entry of a judgment against the contractor before the injured person can even apply for payment from the recovery fund, much less actually receive payment. Therefore, the pertinent date for recovery of any payment from the fund, whether damages or attorney's fees, is the date the judgment was entered against the contractor.
>
> Because the judgment against Berg was entered after the effective date of the statutory amendment that limited recovery of attorney's fees to cases appealed to superior court, the Wilsons were not entitled to recover attorney's fees from the contractors' fund.

*Id.* at 619, 780 P.2d at 452. (Emphasis added). While the language of the Contractor's Recovery Fund and Real Estate Recovery Fund is similar, there are differences. However, assuming the statutes are the same, we agree with division two concerning the part of the opinion emphasized above. We also agree "that obtaining a valid judgment" is a precondition to "even apply for payment from the recovery fund." We disagree, however, that merely obtaining a judgment vests the claimant with a right against the Fund. As discussed fully above, A.R.S. § 32–2188 requires much more. At the very least, it requires claimant to "file a verified claim in the court in which the judgment was entered," to serve the commissioner and to apply for an order directing payment out of the recovery fund. The requirements of a proper claim are set out above and in A.R.S. § 32–2188(C). Until such time as a verified claim is filed with the court, there is no claim against the Fund. A.R.S. § 32–2188(B). Reading A.R.S. § 32–2188 as a whole, it is clear to us that the statute requires more than merely obtaining a stipulated judgment. It requires filing a properly verified claim with the trial court as required by A.R.S. §§ 32–2188(B) and (C).

We conclude, therefore, that the date of filing a statutorily proper verified claim with the trial court is the date that the legislature intended that Chaffins have a "vested" right against the Fund. Until the valid claim was filed with the court the right was merely an inchoate right. It is a contingent right depending on the filing of a proper claim for the right to vest. Here, Chaffins filed their claim on July 7, 1988, well after the amendments to A.R.S. § 32–2188 took effect. Thus, we agree in part with *Wilson* but disagree with its holding that the judgment date vests a right in the judgment creditor against the Fund.

For purposes of this appeal then, in order to determine whether the trial court properly granted the Chaffins' application for recovery from the Fund, we will apply A.R.S. § 32–2188 as it was amended in 1986.

## HEARING REQUIREMENT

██ The trial court did not conduct a hearing on the Chaffins' application for recovery from the Fund. The Commissioner contends that this was error because the hearing was necessary in order for the Chaffins to establish the prerequisites for recovery pursuant to A.R.S. § 32–2188(C) and in order for the Commissioner to relitigate material issues and to otherwise adequately defend the Fund. We agree.

A.R.S. § 32–2188(E) specifically provides that the Commissioner may, in defense of the Fund, relitigate any material, relevant issues which were determined in the underlying action. Further, according to subsection E, the Commissioner is not bound by the stipulated judgment entered into by the Chaffins, Bonnie Thompson and Kenneth Thompson's personal representative. In the instant matter, then, A.R.S. § 32–2188 specifically provides that the Commissioner has the right to vigorously defend the Fund, and may force the examination of witnesses and litigation of entire issues which were never fully examined in the trial court due to the stipulated nature of the judgment.

Despite the Commissioner's right to relitigate, stated in subsection E, subsection B specifically provides that the court shall set the application for a hearing "on petition of the applicant." Therefore, A.R.S. § 32–2188 seems to contain conflicting provisions regarding whether a hearing must be conducted on an application for recovery from the Fund. Subsection B seems to indicate that a hearing shall be held if requested by the applicant, while the re-quirements of subsection E seem to necessitate a hearing in almost every case in order for the Commissioner to exercise the right to fully defend the Fund, regardless of whether a hearing is requested by the applicant.

██ It is well established that if certain portions of a statute appear to be in conflict, they must be harmonized if possible in order to give full effect to the statute. *Weitekamp v. Fireman's Fund Ins. Co.*, 147 Ariz. 274, 709 P.2d 908 (App.1985); *Prairie State Bank v. Internal Revenue Service*, 155 Ariz. 219, 745 P.2d 966 (App. 1987). Arizona case law provides little assistance in harmonizing these apparently conflicting sections as there are no reported cases interpreting A.R.S. § 32–2188 after the 1986 amendment.

Upon review of other state statutes on the subject, we discovered that the California Real Estate Recovery Program statutes are identical to the Arizona recovery fund statutes in pertinent respects, and therefore decisions interpreting those statutes provide some guidance. Like A.R.S. § 32–2188(B), Cal.Bus. & Prof.Code § 10472.1 provides that after the Commissioner and the judgment debtor have had a chance to respond to the application for payment from the Real Estate Recovery Fund, the court shall "set the matter for hearing upon the petition of the claimant".[3] Further, like A.R.S. § 32–2188(E), Cal.Bus. & Prof.Code § 10473 provides that the Commissioner has the right to vigorously defend the Fund by relitigating issues, examining witnesses, etc.[4] Like A.R.S.

---

**3.** Cal.Bus. & Prof.Code § 10472.1 provides, in pertinent part:

(a) The commissioner and the judgment debtor shall each have 30 days after being served with the application in which to file a written response. The court shall thereafter set the matter for hearing upon the petition of the claimant....

(b) At the hearing, the claimant shall be required to establish compliance with the requirements of Section 10471.

**4.** Cal.Bus. & Prof.Code § 10473 provides, in pertinent part:

Whenever the court proceeds upon an application under Section 10472, it shall order payment out of the Recovery Account only upon a determination that the aggrieved party has a valid cause of action within the purview of Section 10471, and has complied with Section 10472.

The commissioner may defend any such action on behalf of the Recovery Account and shall have recourse to all appropriate means of defense and review, including examination of witnesses and the right to relitigate any issues material and relevant in the proceeding against the Recovery Account which were determined in the underlying action on which the judgment in favor of the applicant was based. If the judgment in favor of the applicant was by default, stipulation, [or] consent, ... the applicant shall have the burden of proving that the cause of action against the

§ 32–2188(E), Cal.Bus. & Prof.Code § 10473 also provides that in actions against the Fund, the Commissioner is not bound by any compromise or stipulation entered into by the judgment debtor in the underlying action.

Thus, California statutes contain the same apparent conflict found in A.R.S. § 32–2188 in that the Commissioner may vigorously defend the Fund by relitigating pertinent issues decided in the underlying action, examining witnesses, etc., but the right to request a hearing in which to conduct such a defense seems to belong solely to the applicant.

This apparent conflict regarding entitlement to a hearing on an application to the Fund was recently resolved in California in the case of *In re Armstrong*, 840 F.2d 651 (9th Cir.1988). There Armstrong brought an action for fraud against a California Real Estate Department licensee who was a debtor in bankruptcy. Armstrong and the licensee eventually stipulated to a judgment in favor of Armstrong. Armstrong then sought recovery from the California Real Estate Recovery Fund. The California Real Estate Department (Department) opposed Armstrong's petition and requested an evidentiary hearing in order to litigate the liability issues which were the subject of the underlying action. The trial court denied the Department's request for a hearing and denied Armstrong's petition for payment from the Fund because he had failed to properly allege liability on the part of the licensee. Armstrong thereafter filed his second petition for payment from the Fund, and the Department again opposed that petition and requested an evidentiary hearing. The trial court eventually denied the Department's second request for hearing but granted Armstrong's second petition for recovery from the Fund.

The Department contended on appeal that the trial court misapplied Cal.Bus. & Prof.Code § 10473 when it ordered payment from the Fund without granting the Department's request for an evidentiary hearing. On appeal the court agreed and reversed the trial court's order and remanded the matter for a full evidentiary hearing on the question of whether Armstrong was entitled to recovery from the Fund.

Despite the language contained in Cal. Bus. & Prof.Code § 10472.1 indicating that a hearing shall be held on the matter "upon the petition of the claimant," the appellate court held that due to the broad powers granted to the Commissioner in § 10473 to defend the Fund, it was evident that the legislature clearly contemplated a full evidentiary hearing on the application for recovery against the Fund. 840 F.2d at 652. The court went on to specifically state that, based upon the language of Section 10473, the legislature apparently determined that an evidentiary hearing was particularly appropriate where the judgment against the licensee was obtained by stipulation. 840 F.2d at 653. Thus, the court held that the trial court's failure to afford the Department an evidentiary hearing on the application to enable the Commissioner to litigate the pertinent underlying issues was reversible error.

As previously discussed, A.R.S. § 32–2188(E) grants the same broad powers to the Commissioner to defend the Fund as does Cal.Bus. & Prof.Code § 10473. Like the court in *Armstrong*, we believe that in granting such powers to the Commissioner, the Arizona Legislature contemplated a full evidentiary hearing on applications for Fund recovery to enable the Commissioner to adequately defend the Fund. Without such a hearing, the Commissioner would be without a forum to relitigate pertinent issues which were decided by the underlying judgment.

We also believe that like Cal.Bus. & Prof. Code § 10473, the language of A.R.S. § 32–2188(E) clearly indicates a legislative determination that an evidentiary hearing

licensee was for fraud, misrepresentation, deceit, or conversion of trust funds.
 * * * * * *
... The commissioner shall not be bound by any compromise or stipulation of the judgment debtor.

(Added by Stats. 1985, c. 690, § 3, operative January 1, 1987.)

would be particularly appropriate where the underlying judgment was by stipulation. Both the Arizona and California statutes provide, in essence, that where the underlying judgment in favor of the applicant was by stipulation, as in the case at issue, the applicant has the burden of proving that the underlying cause of action against the licensee was for violation of the real estate licensure statutes and/or regulations.

A.R.S. § 32–2188(C) similarly demonstrates that a hearing would be appropriate in most instances. Specifically, A.R.S. § 32–2188(C) provides that in order to recover from the Fund, the applicant must "show" that several prerequisites concerning the underlying cause of action, the judgment, and efforts to satisfy that judgment have been satisfied. Cal.Bus. & Prof. Code § 10471, 10472 and 10473 mandate a showing of similar prerequisites in order to recover from the California Fund. In *Buccella v. Mayo*, 102 Cal.App.3d 315, 162 Cal. Rptr. 369 (1980), the court held that the California statutory prerequisites to Fund recovery could only be established by the applicant by competent evidence presented at a hearing. The court held that the statute which requires the showing of the prerequisites clearly contemplates the necessity of evidence to establish the applicant's right to recover from the Fund, rather than mere conclusory statements contained in affidavits or argument by counsel.

 We find that an applicant may successfully establish the prerequisites by affidavits based upon personal knowledge, containing competent evidence and submitted with the application. In *Arizona Real Estate Department v. Arizona Land Title and Trust Co.*, 9 Ariz.App. 54, 449 P.2d 71 (1968) this court determined that affidavits may suffice in order to satisfy the prerequisites contained in A.R.S. § 32–2188(B), specifically that the underlying judgment was obtained on the basis of conduct which occurred after July 1, 1964, and that the alleged conduct was that of a real estate licensee acting as such.

If that "showing" of the statutory prerequisites by affidavits is disputed by the Commissioner, however, as in the instant case, an evidentiary hearing would be necessary. At that hearing, the applicant would be required to show, by competent evidence, all of the requirements of A.R.S. §§ 32–2188(B) and (C) regarding the underlying judgment and the efforts to satisfy that judgment, unless a showing of certain of these requirements was waived by the court in accordance with A.R.S. § 32–2188(D).

The Chaffins further argue that the Commissioner waived his right to request an evidentiary hearing because he failed to request such a hearing at the trial level. This argument is in error. The Commissioner requested relitigation of all material and relevant issues at the trial level and that request was denied. Therefore, Commissioner cannot be held to have waived any of his rights and duty to defend the Fund.

This matter is hereby remanded to the trial court for an evidentiary hearing on the Chaffins' application for recovery from the Fund.

SHELLEY and VOSS, JJ., concur.